DANIEL T. JEWETT *versus* WARREN PRESTON & *al.*

Where one was declared a bankrupt under the late bankrupt law of the United States, the personal property of the bankrupt, whether inserted in his schedule of effects or not, vested in his assignee on his appointment. And if the property be sold by the assignee, pursuant to a decree of sale by the Court, the property vests in the purchaser, and he may maintain an action for the recovery thereof in his own name.

Where the party claims title to articles of personal property by virtue of a deed of mortgage thereof, the title to the property does not vest in the mortgagee until a delivery of the deed to him or his agent.

If the condition of a mortgage of personal property is, that the deed shall be void on the payment of two notes, particularly described by their amounts and dates, according to their tenor, and the mortgagee never had any notes conforming to those described in the condition, either in the amount or dates, the mortgagee acquires no title to the property by virtue of the mortgage, although at the time he was the holder of two other notes against the mortgagor for different sums and with different dates.

TROVER, to recover the value of certain furniture, books, &c., particularly described.

The articles were originally the property of Preston, one of the defendants. He was declared a bankrupt on March 21, 1843, and put into his schedule of effects this property in this way only : — " Also my right to redeem certain personal property and household furniture mortgaged to said Convers Francis, Jan. 10, 1839, for the consideration and payment of $1,642." On March 23, 1843, J. W. Carr was appointed assignee. The effects of the bankrupt were decreed to be sold, and he advertised to be sold on Sept. 20, 1843, "sundry articles of personal property. The right of redeeming sundry articles of personal property mortgaged. Said property will be sold subject to any liens and liabilities and to all equities existing between the parties, and the interest only that said estate has to the same will be transferred." The property was thus described in the bill of sale from the assignee to the plaintiff. " Said Preston's right and interest, or all the interest that I, as assignee, have to certain personal property represented in said Preston's schedule to be mortgaged to Convers Francis, Jan. 10, 1839, for the consideration and payment of $1,642. A

schedule of which was given me by said Preston, a copy of which is hereunto annexed."

The deposition of Mr. Francis, one of the defendants, "taken in a case pending in the District Court of the United States," was offered in evidence by the plaintiff, and objected to, but admitted. The property had not been removed from the actual possession of the said Preston, when the suit was brought.

The defendants proved that a mortgage was made of the property by Preston to Francis, on Jan. 10, 1839, but there was no evidence that the mortgage bill of sale was ever delivered to said Francis, but there was testimony tending to prove, that the property was delivered to an agent of said Francis, "in the fall of 1842."

The other facts are sufficiently stated in the opinion of the Court.

At the trial, before SHEPLEY J., the jury were instructed, that by virtue of the act of Congress establishing an uniform system of bankruptcy, and the proceedings under it, all the interest of Preston in the articles mortgaged passed to his assignee in bankruptcy, and he ceased to have any interest in them; that if they were satisfied, that the assignee sold and conveyed to the plaintiff all the interest which he thus acquired, the plaintiff would thereby become the owner of the articles mortgaged, so far as the ownership was before in Preston, and if there was then no subsisting valid mortgage of them, would become the owner of those articles — that the mortgage would not become effectual for the conveyance of any interest in them from Preston to Francis, without a delivery of the mortgage deed to Francis or to some other person for him; that proof of delivery of the property named in it would not of itself be sufficient to prove a delivery of the deed.

The Judge was requested to instruct the jury as in the paper annexed, marked A, but refused.

If any of these instructions or rulings were erroneous, or if the refusal to instruct was so, the verdict for the plaintiff was to be set aside and a new trial granted.

The counsel for the defendants request the Court to instruct the jury : —

1. That the right or interest purchased by the plaintiff was the right stated in Preston's schedule, in the advertisement by the assignee, and in his book in which he recorded his sales, and from which he read the description of the property to be sold at the time of sale, was a right to redeem the furniture under the mortgage made to Francis.

2. If the assignee sold all the debtor's right in the property, it was his right as described in the schedule, advertisement and assignee's book, viz. all the right Preston had in the right to redeem — and that the purchaser took no right but the right to redeem.

3. That if there was no mortgage subsisting at the time of the sale, there was no right to redeem, and the plaintiff took nothing by the sale.

4. That if there was a mortgage in force at the time of the sale the plaintiff has no right to the property or to this action, without redeeming or offering to redeem.

5. That the plaintiff, having bought only a right to redeem under the mortgage to Francis, cannot set up any title against Francis — that he has no right to contest the validity of the mortgage, or to set up the defence against it, that it was fraudulent.

6. That no one but a creditor has a right to contest the validity of the mortgage, and the · plaintiff not being a creditor cannot be allowed to do so.

7. That the mortgage if not effective from the beginning, became effective as soon as accepted or ratified by Francis, against any person claiming under any title acquired subsequently.

8. That the furniture did not pass and vest in Carr, the assignee, by virtue of the bankrupt law.

*H. Warren,* for the defendants, contended that the first part of the instruction of the presiding Judge was erroneous. That should not have been given, but the law was correctly stated in our first request for instruction. It was merely Preston's

right to redeem the property, which was put in the schedule in bankruptcy, and which was advertised and sold by the assignee.   The purchaser cannot dispute that there was a mortgage, or contest its validity.   If there was no mortgage, there was no right of redemption.   3 Metc. 147; 13 Mass. R. 515; 6 Greenl. 289; 10 Mass. R. 421; 19 Wend. 514.

But if any one could contest the validity of the mortgage, it was a creditor only, and the plaintiff is not in the place of a creditor, but of the bankrupt only.   The sixth request therefore should have been complied with.

The instruction that the property could not pass until the delivery of the deed, as applied to personal property, was erroneous.   It might have been correct, if the subject had been real estate.   Personal property may pass by delivery only, and in this case the delivery before the bankruptcy was proved.   15 Wend. 545; 5 Munf. 160.

*D. T. Jewett, pro se,* and with him was *J. Appleton,* contended that all the personal property of the bankrupt passed to the assignee, whether mentioned in the schedule of effects or not.   The sale of the property was of the whole interest of the bankrupt in it.   It was not the equity of redemption which was sold, but the property said to be under a mortgage.

But even if the equity only was sold, the mortgage was extinguished, if it ever existed, as the notes it was made to secure were not produced at the trial, and were shown not to be in existence by the deposition and letter of Francis.

There was no attempt made to show a sale or mortgage to Francis, except by a bill of sale under seal.   The delivery of the deed, in such case is as essential to pass personal as real estate.

*Hobbs,* for the defendants, replied.

The opinion of the Court was drawn up by

WHITMAN C. J. — The property of Preston, on his becoming a bankrupt, vested in his assignee, who, instantly thereupon, became entitled to possession of it and might have taken

it from the bankrupt, or any one else in possession of it. In fact, the possession of it by the bankrupt, was the possession of the assignee, the bankrupt being but the keeper of it for the assignee. It was not necessary it should be inserted in the bankrupt's schedule in order to give the assignee such right. The bankrupt act, of 1841, § 3, is explicit to this effect. The right to the property, for the conversion of which this action was brought, and which was never out of the actual custody of Preston, if the defendant, Francis, had no right to it, might be sold by the assignee, under the order of Court obtained for the purpose; and it appears, that the assignee had authority to sell, and did sell whatever right he had to it to the plaintiff. The plaintiff, thereupon, became entitled to the possession of it, the same as the assignee had before been, if Francis had no right to it. Whatever right the assignee had, before the sale, was divested out of him, and if his right was a perfect one to the whole of the property unincumbered, it could not, by the sale, have vested in any one else but the plaintiff. By that act nothing by way of implication or otherwise, could have been vested in, or could be considered as reserved to, any person, other than the vendee named, unless such other person had become entitled thereto before Preston became a bankrupt.

Now it remains to be ascertained, whether the defendant, Francis, had acquired a right to the property before Preston became a bankrupt. The mortgage relied upon by him bears date Jan. 10, 1839; but his letter, under date of Sept. 4, 1843, shows that at that time, no such mortgage had ever been delivered to him, or to any one to his knowledge for his use; and there is no proof in the case tending to show that he was mistaken. The law is well settled, that every deed must be considered as taking effect from the time of its delivery. Francis, then, at the last named date, had no title to the property. Preston, therefore, had not then been divested of his interest in it by virtue of the mortgage deed, and it must have vested in his assignee. But if the mortgage deed had been seasonably delivered, there are still other difficulties in the

way of its becoming effectual.    It purports to have been made
for the purpose of securing the payment of two notes of hand
— one for seven hundred dollars, bearing date July 13th, 1828,
and one for five hundred dollars, bearing date Jan. 31, 1835.
Now the letter of Francis, before alluded to, shows that he
never had any such notes ; and his deposition, which was pro-
perly admitted as containing what may be deemed to be his
admissions, is to the same effect.    He says the notes he had
were three in number, viz. one for eight hundred dollars, one
for one thousand dollars, with five hundred dollars paid and
indorsed on it, and the third for seven hundred dollars ; nei-
ther of them bearing date as stated in the mortgage.

Thus it appears, that it is unimportant to consider, whether
the mortgage was fraudulent as against the claims of *bona fide*
creditors, or against the policy of the bankrupt law.    What-
ever was said and done therefore, at the trial, in reference to
those matters, was irrelevant, and may be laid out of the case,
as the mortgage was from the beginning inoperative.    The
instructions and rulings, having reference to the merits of the
case, cannot be deemed otherwise than correct ; and the in-
structions requested, and not given, were properly withheld.
They could not have been warranted by the true effect of the
evidence bearing upon the nature of the case.

*Judgment on the verdict.*