## CUSHMAN *v.* LUTHER.

The notes described in the condition of a mortgage were,—" Two notes for $150 each." One note produced in evidence was for $150, the other for $200, but in all other respects they corresponded with those described in the mortgage. *Held*, that, if it appeared by parol evidence that those two notes were the ones which the parties, in good faith, intended to secure by the mortgage, it would be a valid instrument to secure both notes.

If the parties to such mortgage and notes had knowledge of the fact of
such discrepancy at the time of the execution of such mortgage, that
would not necessarily render the mortgage void; but that would be a
circumstance for the consideration of the jury, upon the question of
the good faith of the parties in the transaction.

TROVER, by William E. Cushman against Sidney P. Luther, for a
cow and a heifer. Plea, the general issue. It appeared that on July
30, 1864, the plaintiff resided in Oxford, Me., and one Francis Wins-
low resided in Upton, Me., and owned the cow and heifer; and on that
day the plaintiff and Winslow executed the following bill of sale or
mortgage:

"Oxford, July 30, 1864. William E. Cushman bought of Francis
Winslow,—one cow, eight years old, $30; one two-years' old heifer,
$30 [and other articles]. The condition of the above bill is such,
that, when said Winslow pays two notes against me, the said Cushman,
of $150 each, and bearing same date of the above bill, and delivers the
same to me, the above bill is null and void; otherwise it is in full force.

"WILLIAM E. CUSHMAN.
"FRANCIS WINSLOW."

The following was written in the margin, at the left hand of the
condition: "1 in 15 m 1 in 2 years." It appeared that the cow and
heifer in controversy were the same that are described in the mortgage.
Before the mortgage was read in evidence, the plaintiff was examined
by both parties, in respect to the authenticity of the following indorse-
ment upon the back of it: "Received at Upton, June 25th, 1865, at 4
o'clock P. M., and recorded book 2, page 179. OTIS H. ABBOTT, Town-
Clerk of Upton."

He testified that Abbott was at that time town-clerk of Upton; that
he could not say that he had ever seen him write, but that he had sent
him several letters and received answers; and had sent him papers
besides this one, to be recorded by him as town-clerk, and received
them back with his signature upon the certificate. The court, against
the defendant's objection and subject to exception, allowed the witness
to testify to the genuineness of Abbott's signature. In the course of the
foregoing examination, the plaintiff testified that he sent this mortgage
by mail, directed to the town-clerk of Upton, and in due course of the
mail received it back by mail, bearing the foregoing certificate, as it now
appears. The court, against the defendant's objection and subject to
exception, allowed the plaintiff to read the mortgage to the jury. The
plaintiff produced the following as one of the notes which said mort-
gage was intended to secure:

"Oxford, July 30, 1864. For value received, I promise to pay Francis
Winslow, or order, two hundred dollars two years from date, with in-
terest, payable at his house.                    WILLIAM E. CUSHMAN."

He also produced a similar note for $150, payable in one year, from
the 30th day of October following, which he admitted was taken up

and delivered to him by Winslow. The $200 note was indorsed by Winslow, and the plaintiff paid it to the indorsee. The plaintiff testified that the notes were both accommodation notes; that after the mortgage was written, and before it was delivered to him, Winslow proposed to make one of the notes $50 larger, and he consented, and one of them was made for $200, and only one for $150; that he "did not think it could make much difference" whether the mortgage was corrected or not; that he "knew the mortgage would hold the bigness of it, $300;" that they were in a great hurry, and that was one reason why the mortgage was not corrected; that he was aware when the papers were delivered that the amount of the $200 note was not truly stated in the mortgage; that the mortgage was made in good faith, to secure him for giving the two notes produced, and for no other purpose. It appeared that, by the laws of Maine, it is not necessary that a mortgage of personal property shall be sworn to; and a member of the Maine bar testified that there is no prescribed form for a personal mortgage in that state.

It appeared that the defendant bought the cow and heifer in the spring of 1866, either of Winslow or of some one he had authorized to sell them, and that he refused to deliver them to the plaintiff before this action was commenced. The plaintiff having rested his case, the defendant moved for a nonsuit, which the court denied; and the defendant excepted.

The court instructed the jury that, if the parties to the mortgage were aware, when it was executed, that the $200 note was not correctly described in the condition, that was a circumstance proper to be considered, with the other evidence of the case, in determining the good faith of the transaction, but that it would not render the mortgage invalid if it was executed in good faith, for the honest purpose of securing the plaintiff for the liability he assumed in giving the two notes produced at the trial; to which the defendant excepted. The court requested the jury to answer the following questions, both of which were answered in the affirmative : Did the plaintiff send this bill of sale by mail to the town-clerk of Upton, and receive it back by mail, within a reasonable time, with the certificate signed by Otis H. Abbott, as it now appears, upon it ? Laying out of the case this testimony as to the bill of sale being sent by mail and returned, Do the jury find, upon the testimony of the plaintiff, that said signature of Otis H. Abbott is or is not his genuine signature ? The court instructed the jury that, if they found in the affirmative upon either question, they might regard the record of the mortgage as sufficiently proved; to which the defendant excepted.

The jury found a verdict for the plaintiff, which the defendant moved to set aside; and the questions arising on that motion were reserved.

*Burns & Heywood,* for the plaintiff.

*Ray & Drew,* for the defendant.

SARGENT, C. J.  We think the instructions were correct as to the signature of the town-clerk.  We think the proof was sufficient upon either ground.  *Bowman* v. *Sanborn*, 25 N. H. 87, 109, 110 ; *Ferguson* v. *Clifford*, 37 N. H. 95 ; 2 Whart. Am. Cr. Law, sec. 1463 ; 1 *id.*, sec. 865 ; 1 Greenl. Ev., sec. 577.

The general rule, that the law of the place of the contract is to govern as to its nature, validity, construction, and effect, has always been recognized in this state, and must be applied to this mortgage.  *Stevens* v. *Morris*, 30 N. H. 466 ; *Smith* v. *Godfrey*, 28 N. H. 379, and cases ; *Ferguson* v. *Clifford*, 37 N. H., before cited.

No oath being required to the mortgage in that state, and no particular form being prescribed, it is not claimed but that the mortgage is well enough by the laws of Maine.  So the evidence was, that the mortgage was recorded in the place where the mortgagor resided, which is according to the law of Maine ; and being valid in the place of its execution, it will be enforced here as a matter of comity between the states, though not executed or recorded in this state, or according to the requirements of our laws in relation to such mortgages.  *Smith* v. *Godfrey*, 28 N. H. 382 ; Story's Conflict of Laws, sec. 244 ; 2 Kent's Com. 458 ; *Smith* v. *Moore*, 11 N. H. 55, and cases cited.

The motion for nonsuit was properly denied, and the instructions given on this point were correct.

We think the rulings are in accordance with law as held in the state of Maine, where the mortgage was made.  A strong case in point is *Bourne* v. *Littlefield*, 29 Me. 302, where the note was described in the mortgage as a note of even date with the mortgage, for the payment of $500, on or before June 20, 1846 (four years after date), whereas the note proved was of the same date as the mortgage, for $500, payable on demand, with interest.  The condition of the mortgage was, that if the mortgagor, etc., should pay the mortgagee, etc., the sum of $500, on or before June 20, 1846, then the deed, and a certain note of even date, for $500, payable at the time aforesaid, shall be void.  The mortgage was assigned, and the assignee brought a bill to redeem.  Held, that parol evidence was admissible to show that this note was the one the mortgage was made to secure, although payable on demand instead of in four years from date, and being with interest ; and the plaintiff claimed that he was not, at least, obliged to pay any more than the sum specified in the condition of the mortgage, to wit, $500 ; but the court held he must pay that, and four year's interest, amounting to $120, making a discrepancy much larger than in this case.

So, in *Sweetser* v. *Lowell*, 33 Me. 446, the note was described in the mortgage as dated in 1824 ; the note produced was dated in 1821.  Held, that it might properly be proved by parol to be the note intended to be secured by the mortgage, and that both note and mortgage were valid.

In *Williams* v. *Hilton*, 35 Me. 547, the note was described in the condition of the mortgage as payable to Winthrop & Williams, and the

note proved was made payable to Thomas L. Winthrop, or order. Held, that the note might be proved by parol to be the one intended to be secured by the mortgage, and that the mortgage would be good.

There are two cases in Maine upon which the defendant relies. *Jewett* v. *Preston*, 27 Me. 400, was a case between the assignee of the mortgagor in bankruptcy, and the mortgagee, in which it appeared that the mortgage was never delivered to the mortgagee, or any one for him, until after the assignment in bankruptcy, which was held to make the mortgage void as against the assignee; and it also appeared, from the testimony of the mortgagee, that he had not, at the date of the mortgage, any notes of the same dates or amounts as those described in the mortgage, they being there described as two notes of certain dates and amounts, while the mortgagee stated that he then held three notes against the mortgagor, but neither of them corresponding in date or amount with those described, and that he had no mortgage and did not know of any until after the assignment in bankruptcy. Also, *Barrows* v. *Turner*, 50 Me. 127. In this case the note produced did not correspond with the one described in the mortgage, either in date, amount, time of payment, or in the name of the payor or payee; and though it was held that this note might be proved by parol to have been given upon the renewal of the original mortgage note, and thus support the mortgage, yet, as the plaintiff did not prove *any such thing*, his title, under the mortgage, failed; and well it might. We do not see that these two cases make at all against the general doctrine which we have deduced from the other Maine cases,—that where the note produced agrees in some particulars, but not in others, with the one described in the mortgage, parol evidence is admissible to prove that the note produced was the one intended in good faith by the parties, to be secured by the mortgage, in which case it will uphold the mortgage title.

The authorities are the same way in Massachusetts. In *Johns* v. *Church*, 12 Pick. 557, where the note described in the mortgage was for $236, and the note produced was for $256, parol evidence was held admissible to prove that it was the note intended to be secured in and by the mortgage. In *Hall* v. *Tufts*, 18 Pick. 455, the mortgage described a note payable to Ebenezer Hall, 3d, and dated one thousand seventeen hundred and ninety-eight, and the note produced was payable to Ebenezer Hall, a different person from the other, both living in the same place, and dated 1798, parol evidence was held competent to prove that this was the note secured by the mortgage. In *Pierce* v. *Parker*, 4 Met. 80, the note described in the mortgage was payable May 21, 1834. The note produced was payable April 21, 1834. Proof by parol was admitted to show it was the one intended to be described in the mortgage; and in this case it is said that it is a well-settled principle of law, that where an instrument, which is offered to prove the subject-matter described, differs in one or more particulars from the thing described, evidence is admissible to show their agreement or identity, notwithstanding such misdescription.

The same is held to be law in New York. In *Jackson* v. *Bowen*, 7 Cow. 13, the bond described was dated November 8, 1817, and as executed by the mortgagor to the mortgagees, three in number, while the bond produced was dated November 18, 1817, and was payable by the mortgagor to the three mortgagees and two other persons. Parol evidence was received to show the identity of the two, notwithstanding the misdescription in the mortgage.

So, in this state, a mortgage, with a proviso that it shall be void if the grantor comply with the conditions of a bond executed by him to the grantee at the same time, without otherwise stating the sum to be paid or the conditions to be performed, is a good mortgage under the act of 1829—*Bassett* v. *Bassett*, 10 N. H. 64—though it would not be under our present law. So, in *Boody* v. *Davis*, 20 N. H. 140, it was held, that when the condition was to save harmless the mortgagee against a note he had signed, the omission of the amount, the date, and the name of one of the signers is not fatal if the note is otherwise so described as to be identified. This was also under the act of 1829. When the description in the mortgage omitted the word *annually* after the word "interest," and also in addition to this omitted to state the time of payment, the description being correct in other particulars, it is not fatal. *Sheafe* v. *Gerry*, 18 N. H. 246; *Webb* v. *Stone*, 24 N. H. 282.

So, under our present law, it has been held that a description of a note as being for $2,550 was sufficiently answered by the production of a note for $2,555, without further proof of identity, all the other particulars of the note corresponding with the description. *Prescott* v. *Hayes*, 43 N. H. 593. So, where the note described was for $60, and the note proved was for $71, and it being proved that there was no other note between the same parties at the time, and the note corresponding in all other respects with the description, it was held that the note would sustain the mortgage. And in *Melvin* v. *Fellows*, 33 N. H. 402, the note was described in the mortgage as being for $46.30, which was in fact for $67.25, but on which had been indorsed $20.95, and in other respects corresponding with the description. Held, that parol evidence might be introduced as to the identity of the note proved and the one described; and that question was submitted to the jury.

In the case before us, the proof showed the identity of the notes described and those produced, though differing in one particular, and the jury have also passed upon the good faith of the transaction. Taking into consideration and weighing the fact that the parties knew at the time of making the mortgage and note that there was this misdescription of one note, such circumstances and knowledge could only bear upon the good faith of the transaction, and beyond that could not affect the case. There must be

*Judgment on the verdict.*