Gorham's Admr. *v.* Meacham's Admr.

# A. W. GORHAM'S ADMR. *v.* R. S. MEACHAM'S ADMR.

*Mortgage by Administrator to himself.    Delivery of deed.*

Where an administrator, being indebted to the estate by reason of a misappropriation of the trust funds, makes a promissory note to himself, as administrator, and executes a mortgage to himself as such administrator to secure the same, which he does not record, but keeps among his own papers and those of the estate until his death, such mortgage is not operative, for (a) there are no proper parties to the contract, and (b) the deed was never delivered.

Bill in chancery for foreclosure of a mortgage. Heard at the September term, 1890, upon pleadings and an agreed statement of facts. Taft, Chancellor, dismissed the bill, *pro forma.*

The orator appeals.

The case appears in the opinion.

*Geo. E. Lawrence,* for the orator.

A contract made by an administrator with himself will be enforced when it is for the benefit of the estate that it should be. 1 War. Am. Law of Admrs. 700; 2 ib. 1087; *Baerum* v. *Schenck,* 41 N. Y. 183.

The placing of the deed among the papers of the estate was a sufficient delivery. *Souverbye* v. *Arden,* 1 Johns. Ch. 240.

*J. C. Baker,* for the defendant.

There must be two parties to every contract. Here there was but one. 2 Chitty Con., 1339.

There was no sufficient delivery of the deed. 1 Jones Mort. Sec. 84; 1 Jones Mort Sec. 539; 3 Wash. Real Prop. 282; *Stiles* v. *Brown,* 16 Vt. 563; *Dwinnell* v. *Bliss,* 58 Vt. 353;

*Elmore* v. *Marks*, 39 Vt. 538 ; *Orr* v. *Clark*, 62 Vt. 136 ; *Mc-Elroy* v. *Hiner*, 24 N. E. Rep. 435.

The opinion of the court was delivered by

TYLER, J.  The following facts are reported : Rollin S. Meacham in his lifetime was administrator with-the-will-annexed of the estate of Angeline W. Gorham, and became largely indebted to the estate for moneys that had come into his hands as such administrator.  For the purpose of securing the estate for this indebtedness, on March 1, 1889, he made and executed a promissory note for $1,550, payable to himself as administrator, on demand, and in like manner a mortgage of his home place, conditioned for the payment of the note.  He never settled the estate nor rendered any account to the Probate Court.  He converted the assets into money and appropriated it to his own use in his private business.  At the time the note and mortgage were executed, and at his decease, he was indebted to the estate to the amount of $7,000, and was insolvent.  His debts, besides what he owed the estate, amounted to about $9,000, and his assets to about $4,000. · The note and mortgage were retained by him and were found after his decease in his safe among other papers that belonged to the estate, and among certain deeds and mortgages of his own.  He died Nov. 17, 1889.  His wife was the daughter of the testatrix and is the only person interested in her estate. After Meacham's decease, the defendant, as his administrator, handed the note and mortgage to Burditt, after the latter's appointment as administrator upon the estate of Mrs. Gorham, and Burditt caused the mortgage to be recorded in the town clerk's office.  The question is as to its validity. ·

The mortgage must be held invalid for want of contracting parties.  A contract necessarily implies a concurrence of intention in two parties, one of whom promises something to the other, who on his part accepts such promise.  One person cannot by his promise confer a right against himself until the person to

whom the promise is made has accepted the same. Until the concurrence of the two minds there is no contract; there is merely an offer which the promisor may at any time retract. Chitty on Cont. 9, quoting Pothier on Obligations. It is essential to the validity of a deed that there be proper parties, a person able to contract and a person able to be contracted with. 3 Wash. Real Prop. 217.

To uphold this mortgage we must say that there may be two distinct persons in one, for in law this mortgagor and mortgagee are identical. The addition of the words, "executor of A. W. Gorham's estate," does not change the legal effect of the grant, which is to Meacham in his individual capacity. In 3 Wash., 279, it is said that a grant to A, B and C, trustees of a society named, their heirs, etc., is a grant to them individually, and *Austin* v. *Shaw*, 10 Allen, 552, *Towar* v. *Hale*, 46 Barb. 361, and *Brown* v. *Combs*, 29 N. J. L. 36, are cited. In this case the grant and the habendum are not to the estate and its legal representatives, but to Meacham, executor, his heirs and assigns. Meacham had misappropriated the funds of the estate, and no one but himself assented to his giving a note and mortgage for the purpose of partially covering his default.

2. The mortgage was not delivered. An actual manual delivery of a deed or mortgage is not necessary. If it has been so disposed of as to evince clearly the intention of the parties that it should take effect as a conveyance, it is a sufficient delivery. *Orr* v. *Clark*, 62 Vt. 136. Whether it has been so disposed of or not depends upon the facts of a given case. In *Elmore* v. *Marks et al.*, 39 Vt. 538, the orator was indebted to Marks, and for the purpose of security made and executed to him a deed of certain land and carried it to the town clerk's office to be filed but not recorded, and to be returned to him when his indebtedness to Marks should be paid. Through inadvertence the deed was recorded and the orator took it into his possession. It was never delivered to Marks and he had no

knowledge of it until several months after it was recorded, when the orator told him that it had been recorded by mistake. It was held that there was no delivery. Pierpoint, Ch. J., said, "all the authorities seem to agree that to constitute a delivery the grantor must part with the custody and control of the instrument, permanently, with the intention of having it take effect as a transfer of the title, and must part with his right to the instrument as well as with the possession. So long as he retains the control of the deed he retains the title."

Anything which clearly manifests the intention of the grantor and the person to whom it is delivered that the deed should presently become operative and effectual, that the grantor loses all control over it, and that by it the grantee is to become possessed of the estate, constitutes a delivery. *Byars* v. *Spencer*, 101 Ill. 429.

In *Stone* v. *French*, 1 Am. St. Rep. 237, it appeared that Francis B. French formed an intention of giving a certain piece of land to his brother unless he should dispose of it during his life-time; accordingly he wrote a letter to his brother in which he stated that in case of his decease his brother should have the land and do with it as he pleased; that he, the grantor, would make a deed of it, inclose it in an envelope and direct it to his brother to be mailed in event of the grantor's death. The grantor afterwards made a deed which contained the usual words, "signed, sealed and delivered in the presence of," etc. It was in all respects properly executed and was placed in an envelope in the grantor's table drawer with directions endorsed upon the envelope to have the deed recorded, but it was in fact never delivered. It was held that there was no delivery of the deed and that the title to the land did not pass to the grantee; that the deed being void the recording of it after the grantor's death gave it no validity.

A mere intention to convey a title is not sufficient. The intention and the act of delivery of the deed are both essential. To constitute a complete delivery of a deed the grantor must do

Gorham's Admr. *v.* Meacham's Admr.

some act putting it beyond his power to revoke. 2 Cowen & Hill's Notes to Phillips' Ev. (5th Ed.) 660 and authorities collated. In *Younge* v. *Guilbeau*, 3 Wall. 636, it is said that "the delivery of a deed is essential to the transfer of a title. It is the final act without which all other formalities are ineffectual. To constitute such delivery the grantor must part with the possession of the deed or the right to retain it." In *Fisher* v. *Hall*, 41 N. Y. 416, the Court of Appeals said, "A rule of law, by which a voluntary deed executed by the grantor, afterward retained by him during his life in his own exclusive possession and control, never during that time made known to the grantee, and never delivered to any one for him, or declared by the grantor to be intended as a present operative conveyance, could be permitted to take effect as a transmission of the title, is so inconsistent with every substantial right of property as to deserve no toleration whatever from any intelligent court, either of law or equity."

Without a delivery and acceptance there is no mortgage, but only an attempt at one, or a proposition to make one. 1 Jones on Morts. s. 104; *Jewett* v. *Preston*, 27 Me. 400; *Foster* v. *Perkins*, 42 Me. 168; 3 Wash. Real Prop. 299.

The fact that the note and mortgage, duly executed by Meacham, were found after his decease among his papers and papers of the estate, shows no delivery of them in any legal sense; on the contrary, the facts that he omitted to have the mortgage recorded, that he retained it in his possession and under his control so long a time, and that it ran to him and his heirs and assigns, indicate that he never decided to give it legal effect. He did not make it operative in his life-time, or direct that it should take effect at his death, which was necessary to give it a testamentary character. The act of recording it after that event could not give it validity.

*Decree affirmed, and cause remanded.*