S. A. RICHARDSON v. BARNET S. WAIT.

*Husband and Wife. Sale. Change of Possession. Notice.*

The right of the wife to her separate property as against the husband, his heirs and creditors, as decided in *Porter* v. *Bank of Rutland*, 19 Vt. 410, and many later cases, recognized.

Where a *feme covert* leased a cow, which was her separate property, and, before the expiration of the lease, sold it with her husband's consent, the vendee to take it of the lessee at the expiration of the lease, it was *held* that the vendee acquired a perfect right and title to the property as against the creditors of the husband, without further change of possession or notice to the lessee of the purchase.

TROVER for a cow. The action was referred, and on the hearing, on the referee's report at the December Term, 1866, KELLOGG, J., presiding, the court decided that the plaintiff, who was the purchaser of said cow, was entitled to recover judgment against the defendant for the sum of forty dollars, as reported by the referee, and also for his costs; and judgment was thereupon rendered in favor of the plaintiff against the defendant accordingly. To this decision and judgment the defendant excepted.

The facts found by the referee are sufficiently stated in the opinion of the court.

*Butler & Wheeler*, for the defendant.

*H. V. Fowler*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J. The question presented for adjudication in this case is, whether the cow was liable to attachment as the property of Jared Bolster. It appears that Mrs. Jane Bolster, (the wife of Jared Bolster,) with the consent of her husband, purchased the cow in question for her own separate property, and she paid for the cow with money which she acquired by inheritance. Mrs. Bolster and her husband, at all times, treated the cow as the separate property of the wife, and it was kept separate from the property of the husband. Her husband never claimed the cow as his, but, on the contrary, claimed that the property belonged to his wife as her separate property, and he never assumed to control it. In *Porter* v. *The Bank of Rutland*, 19 Vt. 410, and in *Richardson, Administrator*, v *Estate of Merrill, et al.*, 32 Vt. 27, the right of the wife to her separate property, whether acquired before or during coverture, and in the latter case, whether the acquisition is the result of gift or inheritance, or is the product of her own personal earnings, is distinctly recognized; and REDFIELD, Ch. J., in delivering the opinion of the court, in the latter case says : " In every such case she will hold against the husband and his heirs, and generally against his creditors, so long as the husband allows the wife to keep the property separate from the general mass of his own estate, although his own name may be used in the formal conduct of the business, unless in the case of creditors this may lead to a false credit on the part of the husband." And the same general principle is recognized in several later decisions in this state. It does not appear, nor is it claimed that the creditor made advances, or that the debt accrued in faith of the property being in the husband; and from the facts reported, we are unable to discover how any one would be likely to be deceived in respect to the ownership of the property. On the 9th of March, 1864, the wife leased the cow to Whitman, for the term of one year, he paid the rent to her and took possession of the cow and kept her

Holley et ux *v.* Hawley et al.

under the lease up to the time of the defendants' attachment, which was made March 6th, 1865.

In February, 1865, and prior to the attachment, Mrs. Bolster, in the presence of her husband, and without objection from him, sold the cow to the plaintiff, he paid her for the same, and agreed to take the cow at Whitman's, Whitman then having possession of the property under the lease. It appears that the business of buying the cow and paying for her, the keeping of the cow to the time of the lease to Whitman, the leasing of the cow to Whitman and adjusting the rent, the selling the cow to the plaintiff and receiving payment therefor, was all conducted in the name of the wife, and under her personal management, and for her own separate use and benefit. It does not appear that the property was managed through the agency of the husband, or that his name was used at any time in the formal conduct of the business. From the 9th of March, 1864, to the 6th of March, 1865, the date of the attachment, the cow was in the possession of Whitman, under his contract with the wife, during which time neither the husband nor the wife had possession of the property. It is clear that there was nothing in the acts, conduct, or declarations of the husband or wife which would lead any one to suspect the cow was owned by Jared Bolster.

As the property was situated we think any one interested to know who owned the cow, could have ascertained on inquiry. We are of opinion that Jared Bolster had no attachable interest in the cow, at the time of the sale to the plaintiff, and at the time of defendant's attachment, the property was not liable to be attached by the creditors of Jared Bolster.

Holding, as we do, that the cow was the separate property of the wife, and that her husband had no attachable interest in it, it follows that the plaintiff, by his purchase of the cow of Mrs. Bolster, with the consent of her husband, acquired a perfect right and title to the property, as against the creditors of Jared Bolster, without further change of possession, or notice to Whitman of the purchase.

The judgment of the county court is affirmed.