## VAN BUREN LEAVITT & WIFE, ELIZA J. LEAVITT, v. DANIEL C. JONES.

*Contract between Husband and Wife held valid. Change of Possession. Exempt. Vendor. Vendee. Replevin.*

A man sold nine lambs, for a valuable consideration, to his wife ; and his creditor afterwards attached seven of these and eleven others, the increase of the nine. *Held,*

1. That the sale was valid ; that it vested a perfect title in the wife.
2. No change of possession was required ; because the nine sheep were exempt, and the ownership of the young followed their dams.
3. If they were not exempt at the time of the sale, because the husband owned thirty others, they were when attached, and this would inure to the benefit of the wife.
4. As between the vendor and vendee the sale of the nine lambs was valid ; hence, the vendor *never was the owner of the increase* of these nine, which was necessary in order to require a change of possession.
5. R. L. s. 1556, Exemption—construed.

REPLEVIN for sixty-two sheep and fifty-two fleeces of wool. Plea, not guilty. Heard by the court, December Term, 1881, TAFT, J., presiding. The court rendered judgment for the return of seven of the nine lambs sold by Leavitt to his wife, and one cent damages, and neither party to recover any costs. Both parties excepted. It appeared that the defendant, an officer, had attached the sheep and wool named in the replevin writ, on a writ in favor of a creditor of said Van Buren ; that the said wife bought of her husband nine lambs, and paid him for them ; that at the time of the sale, in the fall of 1875, the husband owned thirty sheep besides the lambs ; and that the said lambs were taken on to a farm occupied by the said Van Buren and wife, and were there kept through the ensuing winter on fodder furnished by the wife.

In the spring of 1876 said Van Buren and wife moved on to a farm owned by the wife ; and said 30 sheep and lambs were also taken on to said farm, where they were kept on the avails of the farm until the fall of 1877, when the said Van Buren sold 19 of the 30 sheep, and soon after disposed of the rest. Said lambs were kept on said farm, with their increase, with other sheep belonging to the wife, until they were attached, when they amounted

to eighteen—seven of the old ones and eleven lambs—and these were a part of the sheep replevied. The nine lambs from the spring of 1876, and said increase from the time they were dropped, up to and at the time of the attachment, were upon said farm under the care and control of the husband and wife, the husband having care of the sheep until they were attached.

In the fall of 1875, when said 30 sheep and lambs were taken from pasture, an agreement was made between said Van Buren and his wife that she, who owned real estate and other separate property of her own, should furnish food for the 30 sheep so long as he should keep them, and receive therefor their increase and wool, except one pound per head each year. The seven, so purchased by the wife, and their offspring, were the only sheep on said farm at the time of the attachment, except the other sheep belonging to the wife ; and said Van Buren owned none.

*French & Southgate*, for the plaintiffs.

The questions arising in this case are the same as if the plaintiffs were not husband and wife. The sale itself will be upheld by our courts. *Richardson* v. *Wait*, 39 Vt. 535 ; *Child* v. *Pearl*, 43 Ib. 224 ; *Bent* v. *Bent*, 44 Ib. 555 ; 50 Ib. 437. There was a sufficient change of possession when the sheep were taken on to the wife's farm. *Allen* v. *Edgerton*, 3 Vt. 442 ; 12 Ib. 653 ; 17 Ib. 271 ; 52 Ib. 525 ; 20 Ib. 624 ; 29 Ib. 388. If there was any question about the sale before it became valid, when the husband sold all that he had, these seven would be exempt under the statute. *Kendall* v. *Lamson*, 12 Vt. 515 ; 27 Ib. 383, 387. No change of possession is necessary where property is exempt. 11 Vt. 595 ; 38 Ib. 209 ; 4 Conn. 450 ; 41 Vt. 161 ; 43 Ib. 48. The offspring belonged to the plaintiffs. 2 Aik. 113 ; 38 Vt. 153 ; 36 Ib. 600 ; 38 Ib. 683, 9 ; 2 Kent Com. 360, 361 ; 22 Vt. 203 ; 1 Bl. Com. 314.

*J. J. Wilson*, for the defendant.

It does not appear that any of the sheep were the sole, separate property of the wife acquired in the way specified by the statute. R. L: s. 2322 ; *White & Wife* v. *Waite*, 47 Vt. 502. The per-

sonal property of the wife, acquired before or after marriage, other than that protected by statute, or by ante-nuptial agreement, is, at law, the property of the husband, and, as such, is attachable on his debts. 27 Vt. 17. The purchase was void. There should have been a change of possession. 47 Vt. 569.

It is claimed that the debtor can own sheep, privately sell, or pretend to sell, them to his wife, and that without any change of possession they can go on and raise a flock of sheep, and that such flock is not attachable by a creditor of the husband. Such claim is in direct conflict with the Vermont law. 1 Swift Dig. 172 ; *Buckmaster* v. *Smith*, 22 Vt. 203 ; *Clark* v. *Haywood*, 51 Vt. 14.

In order to render the change of possession unnecessary for the seven sheep, it must appear that said seven sheep were exempt. The case shows that when the wife bought the nine sheep, the husband retained thirty sheep. They were not exempt then. In the fall of 1877 the husband sold seventeen sheep more. The nine were not then exempt.

When the husband afterward sold the remaining sheep, we claim that ten thereof were exempt. And until it *appears* that he has received the pay for such ten exempt sheep, the wife cannot say a change of possession is unnecessary, for the law will not allow the debtor to shield the price of his ten exempt sheep, and at the same time shield the vendee from the consequences of lack of change of possession of ten other sheep. There can be no doubt that the price of the ten sheep last sold was exempt.

We insist that it must affirmatively appear that the seven sheep were exempt, in order to obviate the change of possession.

The opinion of the court was delivered by

ROYCE, Ch. J. The sheep replevied were attached upon a writ against the plaintiff, Van Buren Leavitt; and the only question presented is as to the ownership of seven of said sheep, survivors of a lot of nine lambs, which were sold by the said Van Buren to his wife, Eliza J., in the fall of 1875, and eleven others, the increase of said nine. The sale by the husband to the wife, shown by the case to have been for a valuable consideration, was

valid. *Richardson* v. *Merrill's Est.*, 32 Vt. 27 ; *Richardson* v. *Wait*, 39 Vt. 535 ; *Child* v. *Pearl*, 43 Vt. 224 ; *Bent* v. *Bent*, 44 Vt. 555 ; *Spooner & Wife* v. *Reynolds*, 50 Vt. 437. There is nothing in the case to show, nor is any claim made, that it was in fraud of the husband's creditors ; and it has been uniformly held in this State that a wife purchasing personal property with her own money, from her husband, as well as from a stranger, can hold the same as her separate property. The sale vested a perfect title in the wife, subject only to be defeated by the husband's creditors, if all the requirements of the law to constitute a sale and transfer good as against creditors of the vendor, were not met.

This being true, the increase of the sheep sold belonged to the vendee, Eliza J. Leavitt, from their birth. No change of possession of the young was required ; because the husband never had any title or claim to them. When they were dropped, Mrs. Leavitt's title to the dams was undisputed ; and, according to the most familiar principles of the law, the young were hers from the moment of birth. As is said by POLAND, Ch. J., in *Bellows* v. *Wells*, 36 Vt. 599, speaking of the rule requiring change of possession of personal property in order to render a sale valid as against creditors : " The rule proceeds on the ground that permitting the former owner to remain in the use and apparent ownership of the property as before, gives him a false credit, and creditors may be embarrassed and injured by it. But the reason of the rule cannot apply to property which at the time of the sale is not subject to attachment, and has no real existence as property at all." In order to make change of possession of personal property necessary, " there must have been some time when as against the vendee the vendor owned it, and had it in his possession." *Fitch* v. *Burk*, 38 Vt. 683.

These propositions are fully supported, if, indeed, any authority be needed to support them, by the recent case of *Hull* v. *Hull*, 48 Conn. (13 Rep. 362) decided in the Supreme Court of Errors of Connecticut, and the authorities therein cited. In that case, which was replevin for six colts, it appeared that they were the progeny of two brood mares, which the plaintiff bought of the Rev. W. H.

H. Murray in Boston, with the agreement that plaintiff might take them to Murray's farm in Connecticut, of which she was superintendent, and keep them as breeding mares, all the colts thereafter foaled from them to be the exclusive property of the plaintiff. The colts were attached by one of Murray's creditors, who claimed to hold them on the ground that there was such a retention of possession by Murray after the sale as to render it constructively fraudulent. The court, Loomis, J., say: " The doctrine as to retention of possession after a sale has no application to the facts of this case. A vendor cannot retain after a sale what does not then exist, nor what is already in the possession of the vendee . . . it is very clear that the title to the property in question, when it first came into existence, was in the plaintiff. By the express terms of the contract the plaintiff was to have as her own all the colts that might be born from these mares. That the law will sanction such a contract is very clear." That case seems analogous to the one at bar, in principle. There it was provided by a contract that the young of the mares were to be the plaintiff's; here the dams were sold to the wife; and it is elementary that the owner of the dam, in the absence of any valid stipulation or arrangement to the contrary, owns her young from the moment of birth.

The eleven sheep, increase of the nine lambs, sold by Van Buren Leavitt to his wife, being the exclusive property of the wife, and not subject to attachment by the husband's creditors, it is not necessary to decide whether there was a sufficient change of possession of the nine to constitute a sale of them valid as against his creditors. The case shows that at the time of the attachment seven of the nine survived, and the husband had no other sheep. They were, therefore, exempt from attachment under sec. 1556, R. L.; and no change of possession was necessary to complete a title in the wife under her purchase good against the husband's creditors. If at the time of the sale the nine lambs were legally subject to attachment, so that a change of possession was necessary to so effectuate the sale that the husband's creditors could not, by proper proceedings, avoid it, and such change of possession did not take place, yet, if at any time previous to an actual

attachment, either by act of the parties or operation of law, the lambs ceased to be attachable, change of possession would no longer be essential, and the fact would inure to the benefit of the wife's title, and perfect it. When the husband sold all his other sheep, therefore, leaving these nine exempt under the statute, there was no longer any occasion for a change of possession, and the wife's title became absolute against the world. See authorities above cited, and *Kendall* v. *Samson*, 12 Vt. 515; *Ridout* v. *Burton*, 27 Vt. 383; *Foster* v. *McGregor*, 11 Vt. 595; *Jewett* v. *Guyer*, 38 Vt. 209; *Wilder* v. *Stafford*, 30 Vt. 399.

The judgment of the County Court is reversed, and judgment for the plaintiffs for one cent damages and their costs.