## R. D. WHEELER v. E. SELDEN.

*Change of possession necessary in sale from husband to wife.*

The rule requiring a change of possession to perfect the title of the vendee as against the creditors of the vendor is the same where the sale is from husband to wife as in other cases.

Exceptions from the City Court of Burlington.

Trover for the conversion of a wagon. Plea, the general issue. Trial by court, Peck, J. Judgment for the plaintiff.

The defendant excepts.

The plaintiff attached the wagon as the property of the husband. While so held by him it was taken from his possession by the defendant acting as the agent of the wife.

The remaining facts appear in the opinion.

*L. F. Wilbur* and *D. J. Foster*, for the defendant.

The exchange vested a perfect title in the wife. Nothing more need be done.

*Leavitt* v. *Jones*, 54 Vt. 423; *White & wife* v. *Waite*, 47 Vt. 402; *Spooner & wife* v. *Reynolds*, 50 Vt. 437.

The change of possession was sufficient. She had control of the wagon after the exchange. Ordinary inquiry would have revealed the fact that it was hers.

*Flanagan* v. *Wood*, 33 Vt. 332; *Hall* v. *Parsons*, 17 Vt. 271. *Murray & Reed* v. *Chadwick*, 52 Vt. 293; *Lyndon* v. *Belden*, 14 Vt. 423.

*W. L. Burnap* and *J. J. Enright*, for the plaintiff.

There was no sufficient change of possession.

*Ellis* v. *Howard*, 17 Vt. 330 ; *Stiles* v. *Shumway*, 16 Vt. 435 ; *Mills* v. *Warner*, 19 Vt. 609 ; *Flanagan* v. *Wood*, 33 Vt.; *Rothchild* v. *Rowe*, 44 Vt.; *Weeks* v. *Prescott*, 53 Vt. 57.

The opinion of the court was delivered by

TYLER, J. The case shows that Arnold and his wife resided in Burlington upon premises owned by the latter ; that Arnold was the lessee of a barn situated in another part of the city, in which were kept a sleigh, owned by the wife, and the wagon in controversy, owned by Arnold; that while the property was thus situated they made an exchange by which the sleigh became Arnold's, and the wagon the wife's; the wagon, when not in use, remaining in the barn, as before. Previous to the exchange Arnold had been accustomed to use the wagon in going to and returning from his farm in South Burlington, and for other purposes. Mrs. Arnold also frequently used it after the exchange, as she had done prior thereto. On an occasion when Arnold had the wagon at his farm it was attached by the plaintiff as a deputy sheriff, on a writ in favor of a creditor of Arnold, and while in the officer's possession by virtue of the attachment, it was taken away by the defendant while acting as Mrs. Arnold's agent and upon claim of her title to the property. Judgment was obtained by the creditor against Arnold in the suit upon which the attachment was made, and an execution was issued and returned by the plaintiff unsatisfied.

It is conceded that the wife acquired a good title to the wagon as against her husband. As we construe the exceptions the question raised is in relation to her ownership of it as against her husband's creditors. The plaintiff's counsel refer to *Leavitt* v. *Jones*, 54 Vt. 423, but in that case it was only held that a wife, purchasing personal property with her own money from her husband, can hold it as her separate property, and that her title is only liable to be defeated by her husband's creditors if all the

requirements of the law necessary to render the sale and transfer valid as against such creditors are not complied with.

The rule in this state is well understood by the profession, that to render a sale of personal property valid against the vendor's creditors, there must be a change of possession of the property from the vendor to the vendee; that the vendee's possession must be exclusive and apparent. *Weeks* v. *Prescott*, 53 Vt. 57. Where there is a joint possession by the vendor and the vendee, the property is liable to attachment upon the vendor's debts if a candid observer would be at a loss to determine which of the two has the chief control and possession of it, and in case of doubt, the law resolves the doubt against the party who should make the change of possession open and visible. *Flanagan* v. *Wood*, 33 Vt. 332. The reason of the rule, which is to prevent fraudulent transfers of property, applies more strongly to transactions between husbands and wives than to those between other persons because of the greater facility for the commission of frauds of this character between the former.

No. 140, Acts of 1884, is cited by the plaintiff's counsel as affording ground for the claim that there was a sufficient change of possession of this property. That act was designed to enable married women to make contracts the same as if sole, and to protect their personal estate from their husbands' creditors. It is true, however, that prior to the passage of this act a husband could make a valid sale of personal property to his wife, and that a married woman could acquire as perfect a title to such property from her husband as she could from a stranger. *Leavitt* v. *Jones*, *supra*. The act referred to does not prescribe what shall be a sufficient change of possession of property in case of such sale, and it in no wise relaxes or varies the rule above stated.

*Judgment affirmed.*