IN RE ESTATE OF B. W. BRALEY.

November Term, 1911.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 11, 1912.

*Agreed Statement—How Read in Support of Judgment—Deeds—*

*Delivery—Intent—Evidence—Acceptance—Presumptions.*

In reviewing a judgment rendered on an agreed statement of facts, that statement will be read in the light most favorable to the prevailing party.

A deed of real estate does not take effect until delivery, and to constitute a delivery the grantor must part with the custody and control of, and all right to, the instrument, with the intention of having it operate as a transfer of the title.

The intent with which a grantor delivers a deed may be manifest by his acts, or words, or both, and is always a question of fact to be determined as such, unless the uncontradicted evidence leaves no room for opposing inferences, when it is a question for the court.

Acceptance is always necessary to complete the delivery of a deed, but acceptance will be presumed from the beneficial character of the grant, where the deed is an absolute and unconditioned conveyance of real estate.

An agreed statement of facts considered, and *held* to warrant the inference of complete delivery by a deceased grantor to his wife of deeds of real estate.

APPEAL from a decree of the probate court allowing the final account of the administrator, with the will annexed, of B. W. Braley's estate. Fred N. Braley, deceased's brother and his residuary legatee, appellant. Heard on an agreed statement of facts, at the March Term, 1911, Washington County, *Miles, · J.*, presiding. Judgment affirming the decree of the probate court. The appellant excepted. The opinion states the case.

*J. Ward Carver* for the appellant.

*Williams & Dane* for the appellee.

POWERS, J. This is an appeal by a residuary legatee from the allowance of the account of an administrator *c. t. a.* The only objection to the account here urged is that it does not include the testator's home place in Barre. In argument, the appellant makes controlling the question whether a certain deed of this property made by the testator to his wife was so delivered in his life-time as to carry the title. The administrator insists that the title to the property cannot be litigated in this proceeding, since it only involves a question of accounting, and that the question of title is only material here as it bears on his diligence and good faith. He does not, however, make the point that, in the circumstances shown, he is not required to make this real estate a matter of accounting, even though it belonged to the testator. So we do not trouble ourselves with that aspect of the case. Nor do we reach the question of due diligence and good faith, for, in our view, the judgment must be affirmed on the question made by the appellant.

In the court below, an agreed statement of facts was filed, and judgment was rendered thereon affirming the decree of the probate court allowing the account as presented. The case comes here on the appellant's exception to that judgment. The question, then, is whether the facts are sufficient to sustain judgment, and in determining that question, this Court will, in aid of the judgment, read the facts agreed in the light most favorable to the administrator. Thus read, the agreed statement shows that the testator, Dr. B. W. Braley, owned a res-

idence in the city of Barre, which he acquired in 1880, and which he and his wife occupied until his death in 1907. In the fall of 1880 he had a talk with one E. D. Blackwell, an officer of the National Bank of Barre, in which he told Blackwell that he was going to deed this place to his wife. Sometime in November of that year he went to the bank, and told Blackwell that he was going to carry out this intention, and that he wanted him (Blackwell) to act as a medium through which to pass the title of the property to Mrs. Braley. Thereupon, he executed a warranty deed of the home place to Blackwell, who immediately executed a similar deed to Mrs. Braley. Then Dr. Braley took the deeds and directed Blackwell to place them in the vault of the bank. A few days after this Blackwell and his wife were at the Braley place, and this transfer of the property was discussed, both Dr. and Mrs. Braley being present. After the doctor's decease the deeds were found in his safe by the administrator, in a drawer called Mrs. Braley's private drawer, in which her papers were kept. Both the Braleys had access to the safe and to this drawer, and some of the doctor's papers were found in it. The deeds were not recorded until Mrs. Braley caused them to be in February, 1909. The property was always listed to Dr. Braley, the buildings were always insured in his name, and he paid all taxes, assessments, and insurance premiums as long as he lived.

A deed does not take effect until it is delivered. And, in this case, the deed must have been delivered in the life-time of Dr. Braley, for his administrator had no authority to deliver it. To constitute a delivery, the grantor must part with the custody and control of the instrument, with the intention of having it operate as a transfer of the title, and must part with his right to the instrument as well as with the possession of it. Vt. Dig. p. 768, par. 36.

The appellant argues that Dr. Braley never parted with the control of these deeds, but the facts are against him. The deeds were passed over to Blackwell. This must have been so, for he was instructed to place them in the vault. There is nothing to show that Dr. Braley had any dominion or control over them while they remained in the custody of the bank. If we were to interpret the agreed statement as showing that

Dr. Braley was an officer of the bank, the result would be the same,—there would be nothing to show that he had or could have anything to do with the deeds while they remained there.

The intention of the grantor is, as we have seen, a controlling factor in the transaction. This may be manifested by acts, or words, or both, it is always a question of fact and to be determined as such, unless the proof is such that a necessary inference arises therefrom, in which case it is a question for the court. *Lindsay* v. *Lindsay*, 11 Vt. 621.

The facts here presented are not sufficiently decisive of the question of intent to compel a conclusion one way or the other. While, as pointed out by the appellant, some of them indicate a purpose on the part of Dr. Braley to retain control of both the papers and the property as long as he lived, the fact that he went to the bank on the day the deeds were executed with the avowed purpose of carrying into effect his previously expressed intention, the fact that he then parted with all control over the deeds, the fact that the discussion at his house was of a completed and not of a contemplated transfer, the fact that the deeds were found in Mrs. Braley's drawer in the safe— point quite as strongly to the conclusion that he left the deeds at the bank for Mrs. Braley's benefit, and with intent to make the transfer of title complete,—especially in view of the relationship between the parties and the apparent character and purpose of the transaction, which are circumstances to be considered, and which in Illinois would raise a presumption of delivery. *Chapin* v. *Nott*, 203 Ill. 331, 67 N. E. 833. Which of these conclusions is the correct one was a question for the court below to decide on the facts placed on the record. And the facts being sufficient to warrant the inference that Dr. Braley intended to complete the execution of the deeds by delivery, and thus make effective the transfer of the property, we must assume in support of the judgment that the court below drew that inference and based its judgment thereon. *Whitehead* v. *Whitehead*, 84 Vt. 321, 79 Atl. 516.

But the appellant says that there was no acceptance of the deed, without which it would not take effect. It is true that an acceptance is necessary to complete the delivery of a deed, but acceptance of an absolute and unconditional deed is pre-

sumed from the beneficial character of the transaction, unless the grantee renounces it. *Blanchard* v. *Sheldon*, 43 Vt. 512; *Church's Exr.* v. *Church's Est.*, 80 Vt. 228, 67 Atl. 549; note to *Brown* v. *Weathersfield*, (Neb.) 53 Am. St. Rep. 532. So when this conveyance was discussed in Mrs. Braley's presence and nothing appeared to indicate that she objected to the gift, her acceptance was sufficiently made manifest.

*Judgment affirmed. Let the result be certified to the Probate Court.*