## INVALID DELIVERY OF DEEDS.

Circuit Court of Tuscarawas County.

FRANK GROSS VS. ANNIE LIST ET AL.

Decided, June 21, 1912.

*Delivery—Of Deeds in Escrow—Wife of Grantor Incompetent to Act as Escrow, When—Dominion Over Deeds Not Parted With, Where Grantor Continues to Have Access Thereto—Partition.*

1. Where an owner of lands executes deeds therefor to certain of his children, subject to a life estate in his wife, and delivers said deeds to his wife in escrow, to be placed by her in the possession of the grantees after his death, the interest of the wife therein and her connection with the grantees renders her incapable of acting as escrow, and the deeds are without effect for failure upon the part of the grantor to make delivery.
2. Moreover, the handing by a husband to his wife of certain deeds for safe keeping, to be delivered after his death to the grantees named therein, does not operate to convey an unreserved, irrevokable and absolute title, where it appears that the wife placed said deeds in a tin box without separation from the other papers contained therein, and said box was kept in a bureau drawer to which the grantor had access, and that he thereafter frequently called for said box and examined the papers contained therein and made such use of them as his business interests required.

*P. S. Olmstead, J. F. Stephenson* and *Henry Bowers,* for plaintiff and defendants Anne List and Fannie V. Gross.

*W. B. Stevens* and *W. I. Kinsey,* for defendants Mary Stevens, Anne Slade, Fannie Sperling and John H. Gross.

SHIELDS, J.; VOORHEES, J., and POWELL, J., concur.

This action is before this court on appeal from the judgment of the court of common pleas of this county, and in a petition filed in the ordinary form the plaintiff alleges therein that he is the owner in fee of the undivided one-fifth part of certain real estate described therein, in said county, containing one hundred and twenty acres. That said real estate descended from his father, Benedict Gross, now deceased; that the defendants Annie List, Fannie V. Gross and John H. Gross, children and heirs at

law of the said Benedict Gross, deceased, are also seized of the undivided one-fifth part of said premises, and that the defendants Mary Stevens, Anne Slade and Fannie Sperling, grand children of the said Benedict Gross, deceased, are each seized of the undivided one-fifteenth part of said real estate, and partition of said real estate is prayed for.

To this petition various pleadings are filed by the defendants, among which is a separate answer and cross-petition of Mary Stevens, in which she alleges, for answer, that as alleged in said petition, she is the owner in fee simple of the undivided one-fifteenth part of the real estate described therein, and asks that partition of said land may be had and that her interest therein be set off in severalty.

For cross-petition she says that she has a legal estate in fee simple in and is entitled to the immediate possession of the undivided one-fifteenth part of certain other lands and tenements therein described in addition to those described in said petition, which also came to her by descent from the said Benedict Gross, deceased, aggregating about five hundred and fifty acres of land, situated in the county of Tuscarawas and State of Ohio.

She further says that the defendants Annie List, John H. Gross and Fannie V. Gross, and the plaintiff, Frank Gross, unlawfully keep her out of possession thereof, and have so done since February 4, 1909, the date of the death of the said Benedict Gross.

She further says that the said defendants Annie List, John H. Gross and Fannie V. Gross, and the plaintiff, Frank Gross, are each the legal owners of and are entitled to the possession of the undivided one-fifth part of said premises as tenants in common with her; that the defendants Fannie Sperling and Anne Slade are each the legal owners of and are entitled to the possession of the undivided one-fifteenth part of said premises as tenants in common with her; that on the last named date the defendants Annie List, John H. Gross and Fannie V. Gross, and the plaintiff, Frank Gross, fraudulently obtained certain pretended deeds from the said Benedict Gross to themselves for separate portions of said premises, aggregating the whole thereof, and unlawfully took, and have ever since unlawfully held, kept posse

sion of and claimed to own all of said premises, adversely to
her, whose title and right therein they have denied and
still deny; that since the above mentioned date the defendants
Annie List, John H. Gross and Fannie V. Gross, and the plaintiff,
Frank Gross, have had the sole use and occupation of all of the
above described real estate, and have taken and received the
rents, issues and profits thereof, which were and are of great
value, to-wit, the sum of two thousand dollars per annum; that
she desires to hold her said interests therein in severalty, and to
recover from the defendants Annie List, John H. Gross and
Fannie V. Gross, and the plaintiff, Frank Gross, her proportion
of the value of said rents, issues and profits thereof.

She therefore asks that said pretended deeds be set aside and
held for naught, and that she may recover possession of the un-
divided one-fifteenth part of said premises so held by said
named parties and her proportion of the value of said rents, is-
sues and profits, and to ascertain which she prays for an account-
ing thereof against them for the amount that may be due to her,
that partition may be made of said premises, and for such other
relief in equity as she may be entitled to.

Like separate answers and cross-petitions are also filed by the
defendants Anne Slade and Fannie Sperling setting up the same
facts therein and praying for the same relief as prayed for in
the cross-petition of the defendant Mary Stevens.

To the separate answers and cross-petitions of the defendants
Mary Stevens, Anne Slade and Fannie Sperling, what is denom-
inated a reply is filed by the plaintiff, Frank Gross, and Fannie
V. Gross and Annie List, jointly, in which they deny each and
every allegation in the said several answers and cross-petitions
contained except such as are mere repetitions of allegations of
the said petition.

And further replying they say that on or about the 19th day
of February, 1897, the said Benedict Gross by his deed of con-
veyance of that date, for a good and valuable consideration,
conveyed a tract of land containing 218.5 acres mentioned in
said cross-petitions, to the said Fannie V. Gross and to the heirs
of her body, subject to a life estate therein in Malinda Gross, the
wife of said Benedict Gross.

That on the 22d day of April, 1905, the said Benedict Gross by his deed of that date, for a good and valuable consideration, conveyed to the said Annie List and the heirs of her body 64.27 acres in lot thirty, 27 acres in lot twenty-nine, and 47 acres in lot twelve, mentioned in said cross-petitions, subject to the life estate of the said Malinda Gross therein.

That on the same date the said Benedict Gross, by his deed of that date, for a good and valuable consideration, conveyed the one hundred acre tract and the thirty-five acre tract mentioned in said cross-petitions to the said Frank Gross and to the heirs of his body, subject to the life estate of the said Malinda Gross therein.

That on the day of the execution of the said several deeds as aforesaid the said Benedict Gross delivered the same in escrow to the said Malinda Gross, with directions and instructions, to take, hold and keep the same, until the death of the said Benedict Gross, and at his death to deliver said deeds to the several grantees named therein.

That said Malinda Gross did so hold and keep the same, and at the death of the said Benedict Gross, the said Malinda Gross did deliver the same to the plaintiff, and to the said Annie List and Fannie V. Gross, as directed, and the same were thereafter duly left for record with the recorder of said county and recorded in the record of deeds of said county.   That Benedict Gross did not die seized of any of the real estate in said several deeds described, and further, that plaintiff and said defendants make a part of said reply all the denials contained in said first reply herein.

A cross-petition is also filed by the defendant Fannie V. Gross setting up certain advancements to certain children of the said Benedict Gross, deceased, and answers are also filed thereto and to the cross-petition, termed a reply of the defendants Fannie Gross and Annie List, and the plaintiff, by the defendants John H. Gross, Mary Stevens, Anne Slade and Fannie Sperling.

It thus appears that while the plaintiff and defendants together own and ask that partition be had of the land described in the plaintiff's petition, an issue is raised as to the title to the other lands and tenements described in the cross-petitions of the defendants, Mary Stevens, Anne Slade, and Fannie Sperling.

Without going into the details of the evidence offered upon the trial, the deeds made in 1905 will be treated the same as those made in 1897, by which Benedict Gross is alleged to have conveyed title to the several grantees therein named of the lands therein described, subject to the reservation of a life estate therein in favor of Malinda Gross, wife of the said Benedict Gross, including a separate deed to the said Malinda Gross of a life estate in all of said lands, for if title was conveyed thereto under said deeds to the said grantees therein named by the said Benedict Gross in 1897, the same is equally true of the deeds made by him in 1905.

The cross-petitioners set up that since February, 1909, the parties named fraudulently obtained deeds from Benedict Gross for the separately described parcels of land and have ever since said time unlawfully kept them out of the possession of the same. The defendants deny this, and say that they are the owners, respectively, of said lands, and that they acquired title thereto under conveyances executed therefor by the said Benedict Gross, during his lifetime, who delivered them to Malinda Gross, his wife, with instructions to keep the same until his death, and then to deliver them to the grantees therein named, which said instructions it is claimed were carried out.

It appears that Benedict Gross on the 19th day of February, 1897, did execute the deeds in question and deliver them to the said Malinda Gross with the instructions mentioned. That said deeds, upon the death of Benedict Gross, were delivered by the said Malinda Gross to the persons named therein as grantees, containing the changes made therein occasioned by the intervening death of the daughter Kit, and that said grantees thereupon took possession of said lands, respectively.

No objection is made to the form of the deeds, but it is urged that there was no valid delivery of them in law, and that therefore no valid title to the lands described therein passed to the grantees therein named.

Closely related to the delivery of these deeds is the primary question, whether their delivery to Malinda Gross, wife of Benedict Gross, as a depositary was a delivery in escrow, in view of the interest she had in said deeds, which was a life estate in

each and all of the lands therein described. At the time of said delivery she and her husband were living together as such, and she was interested in the subject matter of said deeds as stated. Being thus interested, the question arises as to whether or not delivery to her was a valid delivery in escrow. Chancellor Kent defines an escrow as follows: ''A deed may be delivered to a stranger as an escrow, which means a conditional delivery to the stranger, to be kept by him until certain conditions be performed, and then to be delivered over to the grantee.'' And in the case of *The C., W. & Z. R. R.* v. *Iliff*, reported in the 13 Ohio State Reports, at page 235, the judge announcing the opinion in that case at page 254, in discussing the requisites of an escrow, says:

''The phrase 'a stranger,' used in this definition, or the phrase 'a third person,' which, in many of the books, is used interchangeably with it, it seems to me, can mean no more than this— a stranger to the deed, as not being a party to it; or at most, this —a person so free from any personal or legal identity with the parties to the instrument, as to leave him free to discharge his duty, as a depositary, to both parties, without involving a breach of duty to either.''

See also 26 N. Y., 483; 8 Mass., 230-237; 51 Kansas, 9; 24 Neb., 83-86.

How was it here? Was Malinda Gross a stranger to the deeds in the sense of not being a party to them? Was she so disconnected with the parties named in the deeds as that she might not have felt called upon to carry out her husband's instructions? To us these questions must be answered in the negative, and we therefore hold that the delivery made to Malinda Gross was not a valid delivery of these deeds as an escrow.

But whether or not our conclusion is correct as to Malinda Gross being incapacitated from becoming the depositary of these deeds in escrow, under the circumstances shown by the evidence in this case, we are met by the further inquiry, irrespective of her relation as such depositary, was the delivery of these deeds as an escrow such a delivery as the law contemplates? It appears that after the execution of said deeds, Benedict Gross, the grantor, handed said deeds to Malinda Gross, his wife, with in-

structions to her "to put them away for safe keeping until after he was dead and then deliver them to the persons named above," and she testifies in her deposition "I put them away, locked them up and kept them until his death"; and she further testifies in her deposition "I delivered them to Frank Gross, Annie M. List and John H. Gross." She also testifies that she delivered a deed to Fannie V. Gross, under like instructions from Benedict Gross. Assuming that Malinda Gross was not incapacitated from becoming the depositary of these deeds in escrow, and that they were really so deposited in escrow, and were so intended by Benedict Gross, and were so treated by him during his lifetime, without reserving to himself any control over them, and upon his death were delivered to the grantees named in said deeds, such delivery would pass title to the lands so conveyed. *Crooks* v. *Crooks*, 34 Ohio St., 610.

That the deeds were executed and their delivery to Malinda Gross accompanied by the instructions to her as mentioned, is not open to question, as shown by the evidence, but it is contended by said cross-petitioners that such delivery was not such as to become operative as a conveyance of the title, that it was not unreserved, irrevocable or absolute, as shown by the alleged subsequent conduct and acts of the said Benedict Gross, the grantor, in retaining the custody and control and power of disposition over said lands, and such conduct and acts are competent, in our judgment, as bearing upon the intention of such grantor in executing said deeds. *Dukes* v. *Spangler*, 35 Ohio St., 119.

The conditions upon which a deed is placed in escrow may be expressed in writing, or rest in parol, or be partly in each. Here it appears that the directions given were in parol. No particular form or ceremony is essential to constitute delivery, but such delivery must be absolute.

In the case of *Ball* v. *Foreman*, 37 Ohio St., at page 139, the judge announcing the opinion in said case lays down the following proposition in relation to the delivery of deeds:

"Where the grantor places in the hands of a depositary, a deed to be delivered to the grantee upon the death of the grantor, reserving the right or power to recall the deed at any time before his death, there is no delivery, and the deed passes no title

to the premises therein described.  In such case the depositary is the agent of the grantor, and holds the deed subject to his direction and control.''  Citing: *Shirley* v. *Ayers,* 14 Ohio, 307; *Cook* v. *Brown,* 34 N. H., 460; *Prutsman* v. *Baker,* 30 Wis., 644.

In the case of *Rathmell, Executor,* v. *Shirey et al,* 60 Ohio St., page 187, it is said that delivery being essential to the efficacy of a deed, it is obvious that the title does not actually pass until that which was an escrow becomes a deed by virtue of its delivery as such, or at least, until the satisfaction of the conditions prescribed for its final delivery.

In *Stinson* v. *Anderson,* 96 Ill., 379, it is held that where delivery of a deed, though to a stranger, is absolute, it is good, but if the future control is reserved by the grantor no estate passes.

In *Elmore* v. *Marks,* 39 Vt., 537, it is held that a deed does not take effect until delivery.  To constitute a delivery the grantor must part with the custody and control of the instrument, permanently, with the intention of having it take effect as a transfer of the title, and must part with his right to the instrument as well as the possession.

In *Cook* v. *Brown,* 34 N. H., 460, it is held that there must be a time when the grantor parts with his dominion over the deed, else it can never have been delivered.  So long as it is in the hands of a depositary, subject to be recalled by the grantor at any time, the grantee has no right to it, and can acquire none; and if the grantor dies without parting with his control over the deed, or it has not been delivered during his life, and after his decease, no one can have the power to deliver it.  The depositary must have such dominion over the deed during the lifetime of the grantor as the latter could not interfere with, in order to have any control over it after his decease.

In the case of *Campbell* v. *Thomas,* 42 Wis., 437, it is held that where the grantor in a deed retains the right of control over it, notwithstanding its deposit with a third person with instructions to deliver it to the grantee upon his compliance with specific instructions, it is not an escrow.

We have quoted at length from the foregoing authorities not only to show the holding of our own Supreme Court upon the

kind of delivery necessary to effectuate a conveyance of title of real estate, where the owner seeks to make a disposition of it during his lifetime to take effect at his death, but also to show the trend of decisions of courts in other jurisdictions. In addition to the authorities already cited, the following also sustain the same view:

*Hathaway* v. *Paine,* 34 N. Y., 92; *Brown* v. *Brown,* 66 Maine, 316; *Walls* v. *Ritter,* 54 N. E. Rep., 565; *Provert* v. *Harris,* 36 N. E. Rep., 958; 3 Ohio Dec., 552; 11 Am. Reports (Mich.), 598; 118 Mass., 154; 130 American State Reports, 960 (see notes from page 911 to page 974).

In our judgment the epitome of the law on this subject is expressed in the paragraph already referred to in the case of *Ball* v. *Foreman.*

And coming now to apply the facts of the case at bar to the principles of law concretely stated in said last named authority, let us first inquire what the facts are in relation to the delivery of these deeds as an escrow. Passing the execution and the formal delivery of the deeds in 1897 to Malinda Gross, as hereinbefore stated, does the evidence show that Benedict Gross, at the time stated, intended to deliver said deeds as an escrow, and were they so delivered, the deeds in 1905 having been executed under like circumstances?

As before stated, Malinda Gross testifies that she took possession of them and kept them under lock and key in a bureau drawer in her bed room, in a tin box containing other papers of the said Benedict Gross until his death, and then delivered them to the parties named. That said deeds were placed in said tin box and not enclosed in separate envelopes. Fannie Gross also testifies that she was living at home with her parents and that her mother kept these deeds in said box under lock and key, at the place stated, and that said box was occasionally brought out by her for the use of her father to enable him to transact any business with other parties that his private papers in said box might require. That on all such occasions, when she was at home, she obtained information from her mother before-hand where such key to said bureau drawer was to be found, and that after her father transacted his business said box was replaced in said bureau drawer.

To rebut this testimony and as tending to show that said deeds were not delivered at said time as an escrow, the cross-petitioners introduced testimony tending to show that within a few months after said deeds were delivered to Malinda Gross in 1897 as such trustee or depositary, the said Benedict Gross, his wife joining him, conveyed by deed, duly executed, to W. B. Stevens, for a valuable consideration, a part of the land so deeded to one of the grantees named in said deeds; that in 1905 the said Benedict Gross revoked said deeds, with one exception, and cancelled them; that in 1907 the said Benedict Gross caused a change to be made in one of the deeds theretofore executed and delivered to Melinda Gross as such trustee or depositary; that the said Benedict Gross at sundry times and to sundry persons offered to sell certain lands included and described in the deeds delivered to Malinda Gross as such trustee or depositary; that the tin box referred to, with the key thereto, was generally kept in a bureau drawer in said Benedict Gross' bed room, to which box the said Benedict Gross had open and unrestricted access, and that on several occasions he was seen to get said box from said drawer, without the intervention or aid of his daughter Fannie, or his wife, and take papers therefrom; that the lid of said box was broken off; that on one occasion when the witness, W. B. Stevens, was at the house of the said Benedict Gross, on legal business, and when it became necessary for the said Benedict Gross to refer to some papers in said tin box, said Benedict Gross took the said tin box from a book-case in his sitting room or library and took therefrom the papers desired; that the witness, D. V. Heck, also testifies that this tin box was sometimes kept in said book-case.

Other evidence was also introduced tending to show the custody and possession of this tin box to be in the said Benedict Gross at times from February, 1897, up to the time of his death; but counsel for plaintiff claim that when the conveyance is a mere gift, where the conveyance is voluntary and no consideration is paid therefor, as is claimed to be the case here, Benedict Gross had the right to revoke these deeds before they were delivered to the grantees named therein by changing or altering them as to him seemed proper, and it is claimed that the intervention of the death of his daughter Kit led him to make changes in said deeds concerning what is described as the home farm.

In support of this claim our attention is called to the case of *Meeks* v. *Stilwell et al,* 54 Ohio St., 541, but in that case it was held that notwithstanding the right of Mrs. Meeks, after the deed was placed in the bureau drawer in her house, to be delivered to her grand daughter after death, to make a correction in respect to the right of her husband to occupy the premises mentioned, and by afterwards delivering the deed to her attorney, *a valid delivery was necessary.*

Under this showing of facts in this case, can it be said that Benedict Gross at the time stated intended to deliver, and did deliver, these deeds as an escrow? If he did, his subsequent conduct and acts in relation to the lands thus conveyed are irreconcilable with such intention, under the evidence before us. Judging from such facts, he at all times exercised dominion and control over these deeds, subject to be recalled at his will, and their possession by Malinda Gross, his wife, was his possession of them in law. We therefore hold that there was no valid delivery of these deeds, or either of them, as to operate as a conveyance of the title to the lands therein described to the grantees therein named, or either of them.

A decree may be entered herein in favor of the cross-petitioners in accordance with this opinion, with a judgment for costs against the estate of Benedict Gross to be paid out of the fund arising from the sale of the land described, if sold, and if not sold, then that each of the parties hereto pay his or her proportionate share of said costs according to his or her interest therein, and partition is ordered of all the lands described in said petition and cross-petitions, the same commissioners to be appointed as in the court of common pleas, unless the parties hereto otherwise agree, and said cause will be remanded to the court of common pleas to carry this judgment and decree into execution, with instructions to cause an accounting to be taken of the rents and profits of the premises described in said cross-petitions. Exceptions noted. Motion for a new trial filed and overruled. Twenty days allowed for findings of fact and conclusions of law from the 22d day of June, 1912, and the statutory time allowed for the filing of a bill of exceptions.