IDA RICH ET AL. v. MARY RUSSELL WRY ET AL.

February Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 2, 1939.

*Albert W. Butler* for the plaintiffs.

*P. C. Warner* for the defendant, Mary Russell Wry.

SHERBURNE, J. This is an action to determine title to property formerly owned by Mary Russell, now deceased. The parties hereto, except Edward McGinn, the administrator, are the surviving children of Mary Russell and, together with certain children of a deceased son and daughter named in the bill, are the heirs to her estate.

The findings show that on February 5, 1927, Mary Russell executed a deed to her daughter, then named Mary Russell, now the defendant Mary Russell Wry. This deed conveys to the grantee a life estate in the grantor's house and lot, but reserves to the grantor the use and control during her lifetime, and is conditioned that the grantee shall pay the grantor's funeral expenses. It also contains provisions relative to personal property and money.

After the execution of the deed Mrs. Russell had it recorded in the land records. After it had been recorded Mrs. Russell got it from the town clerk's office and had her daughter read it to her. Then accompanied by her daughter she took and placed it in a safe deposit box at the bank. This box was originally rented

from April 29, 1926, but the chancellor is unable to find whether it was originally rented in the joint names of Mrs. Russell and her daughter, but does find that if it was not it was changed to their joint names when the deed was placed therein, and that at that time Mrs. Russell gave her daughter one of the keys to the box. From then until the death of Mrs. Russell on December 24, 1935, nearly nine years later, each had access to the box, and the deed remained therein continuously, except that about three weeks before Mrs. Russell's death and while she was staying with another daughter she sent word to Mrs. Wry to go to the box and get the deed and bring it to her. This Mrs. Wry did, but not being able to do the errand which Mrs. Russell asked to have done in connection with it she then returned it to the box. From prior to the execution of the deed until about six weeks before Mrs. Russell's death, she and Mrs. Wry lived together on the real estate in question practically all of the time. The remaining material findings upon this phase of the case are quoted as follows:

"11. At the time Mrs. Wry, the grantee, and Mrs. Russell talked about the deed after it had been recorded and it was read to Mrs. Russell by the grantee, now Mrs. Wry, there was some talk between them about its contents and Mrs. Wry expressed the thought that the others might not like it and Mrs. Russell replied in substance 'I don't care, I wanted to make it like that.' Any finding made herein by the Chancellor in regard to the delivery and acceptance of the deed is not based upon this conversation and such is not used in making these findings.

"12. I find that the parties to the deed by doing what they did in connection with the same as herein found in having it recorded, talking it over afterwards, placing it in the safe deposit box to which they had joint control and to which Mrs. Russell then gave her daughter, the grantee, a key intended to effectuate a delivery and acceptance of the deed and that such deed was delivered and accepted prior to the decease of Mrs. Russell, such delivery and acceptance carrying with it the title to the household furniture * * * * located on the

real estate in question at the time of the execution of the deed.''

The plaintiffs point out an inconsistency between findings 11 and 12. Despite the chancellor's statement in finding 11 that any finding made in regard to the delivery and acceptance of the deed is not based upon the conversation reported therein, he goes on in finding 12 to base his conclusions in part upon the parties to the deed "talking it over" after the deed had been recorded. As there is no other finding about a talk or conversation it appears that the chancellor in fact did make use of this conversation. In determining whether there has been a delivery of a deed the intention of the grantor is a controlling factor, and it may be manifested by acts, or words, or both. *In re Estate of Braley,* 85 Vt. 351, 82 Atl. 5. Hence, this conversation was admissible. The plaintiffs have briefed no exception to the evidence from which this conversation was found, and no error is made to appear.

The next question presented is whether the conclusions of the chancellor relative to a delivery and acceptance are warranted by the facts found. To constitute a delivery of a deed the grantor must part with the custody and control of the instrument, permanently, with the intention of having it take effect as a transfer of the title, and must part with his right to the instrument as well as with the possession. So long as he retains control of the deed, he retains the title. *Elmore* v. *Marks,* 39 Vt. 535, 541; *Walsh's Admx.* v. *Vermont Mutual Fire Ins. Co.,* 54 Vt. 351, 360; *In re Estate of Braley, supra.* While a delivery is essential to the validity of a deed, it is not necessary that there should be an actual manual delivery. If it is so disposed of as to evince clearly the intention of the parties that it should take effect as a conveyance, it is a sufficient delivery. *Orr* v. *Clark,* 62 Vt. 136, 146, 19 Atl. 929; *Gorham's Admr.* v. *Meacham's Admr.,* 63 Vt. 231, 233, 22 Atl. 572, 13 A. L. R. 676.

The fact that a deed is on record, even if put on record by the grantor's direction, is only *prima facie* evidence of a delivery which may be rebutted. *Walsh's Admx.* v. *Vermont Mutual Fire Ins. Co., supra; Fair Haven Marble Co.* v. *Owens,* 69 Vt. 246, 37 Atl. 749; *Morgan* v. *Morgan,* 82 Vt. 243, 73 Atl. 24, 137 A. S. R. 1006. As it appears from the facts found that

the grantor retained complete control of this deed until after it had been recorded and she had shown it to the grantee, any presumption of a delivery prior to the time that the grantee was informed of its contents is rebutted. Yet the fact that the grantor caused the deed to be recorded was a circumstance to be considered by the chancellor, along with the other facts found. We hold that upon the facts found the chancellor was entitled to draw the inference that there was a delivery and acceptance of the deed during the lifetime of the grantor. Attention is called by the plaintiffs to Mrs. Wry's having taken the deed to her mother, but it does not appear what the errand was, and it was several years after the deed had been placed in the box. This was merely a circumstance for the chancellor to weigh in arriving at his conclusions.

At the time of the execution of the deed Mrs. Russell had in her name savings accounts in two banks. There was a third account in another bank which was opened in 1920 in the joint names of Mrs. Russell and her daughter. This latter account after the bank holiday in 1933 was partly released and transferred to their joint names in the new bank. All three of the bank books were in Mrs. Russell's suit case when she died. The chancellor reports that there was no testimony as to whose money was originally placed in the joint account, and that he is unable to find that this account was of such a nature that it was the property of Mrs. Russell ''in such a manner that upon her decease it did not become the property of Mrs. Wry.'' The exception to this finding does not appear to be briefed and so we do not consider it. But the plaintiffs insist that because Mrs. Wry has stipulated with the other parties that the other savings accounts stood in Mrs. Russell's name at her decease and have been treated by the administrator as assets of the estate, and because the deed, as they claim, is a trust deed, she cannot accept the trust in part and decline as to the balance, as they claim she has done. Our attention is not called to any particular part of the deed, nor is the assertion that the deed is a trust deed supported by argument or citation of authority. This is insufficient briefing and merits no consideration. *Dependents of Vlahos* v. *Rutland Restaurant*, 104 Vt. 188, 190, 157 Atl. 832.

No separate contention relative to the household furniture

is briefed. In view of our disposition of the case the rental value of the premises is immaterial. All questions properly briefed have been disposed of, and we find no error.

*The decree is affirmed, and it is ordered, adjudged and decreed that the bill of complaint be dismissed with costs.*