LYNDE & MORSE *v.* DANIEL MELVIN.

The owner of a chattel parts with the possession of it under a contract
of bailment to a third person; and, while in the possession of the bailee,
sells it, and the vendee immediately gives the bailee notice of the sale,
with a request that he will keep it for him, the bailee refusing to give it
up until the bailment had expired;—Held, that it was not liable to attach-
ment by the creditors of the vendor, though it had been permitted by the
bailee to go back into the possession of the vendor, but without the con-
sent of the vendee, before the expiration of the bailment.

THIS was an action of trover, for a cow. Plea, the general
issue, and trial by jury.

Upon the trial in the court below, the plaintiffs proved in
support of the action, that, on the 17th day of August,
1837, one Downer, a deputy sheriff, had in his hands, for
collection, a writ of execution, in their favor against one Lu-
ther Kidder, for about twelve dollars, including said Dow-
ner's fees thereon; that said Downer, as the agent of the
plaintiffs, received of said Kidder a bill of sale, from said
Kidder to the plaintiffs, of the cow in question, the same
being then in the possession and use of one Jesse A. Hall;—
that, at the same time, Downer, as agent as aforesaid, received
from Kidder a note of sufficient amount to pay the execu-
tion, aforesaid, against one Wm. H. Isaacs, under an agree-
ment, that if Isaacs, in exchange for said note, would exe-
cute a new note, payable to the plaintiffs, the same should
be accepted, and thereupon the bill of sale should become
void. It appeared that, on the occasion aforesaid, said exe-
cution and fees thereon were entered satisfied and dis-
charged. It also appeared, that previous to the time afore-
said, Kidder and Hall had exchanged cows, for the season,
Kidder having received a cow belonging to Hall, and Hall
having received the cow in question, and that a re-exchange
was not, by their contract, to take place till the 1st of Dec.
1837. It was further proved, that, immediately upon receiv-
ing the bill of sale, Downer went to Hall and notified him
of the purchase of the cow by the plaintiffs, as aforesaid,
and requested him to keep her for them, to which Hall
assented, at the same time telling Downer, that he could not
part with the cow, until the first of December, 1837, and
until he should receive back his own cow, then at Kidder's.

LAMOILLE,
August,
1839.

Lynde &
Morse
v.
Melvin.

It also appeared, that, shortly afterwards, Downer called on Isaacs, with the note aforesaid, who declined to give a new note, payable to the plaintiffs, whereupon Downer returned the note to Kidder, all which proceedings of Downer were sanctioned and approved by the plaintiffs, who accepted the bill of sale of the cow, in satisfaction of their debt.

It was further proved that, on the 31st day of Oct. 1837, the cow was attached, and taken from the possession of Hall, by the defendant, upon a writ of attachment, in his favor against Kidder, but, on the day following, was returned to Hall's possession.

It was then proved that on the 1st or 2nd day of November, 1837, by mutual assent of Hall and Kidder, said cows were re-exchanged, and the one in question was taken into the possession and use of Kidder; that, on the 6th day of November, 1837, she was attached, while in the possession of Kidder, and driven away, by order of the defendant upon a writ of attachment, in favor of the defendant, and Dioclesian Melvin, against Kidder;—that, on the 3d or 4th day of Dec. 1837, the cow was demanded of the defendant by the plaintiff, Morse, with which demand the defendant, then having the cow in his possession, refused to comply;—that, on or about the 18th day o December, 1837, the cow was sold on an execution in favor of D. & D Melvin, against said Kidder, issued on a judgment by them recovered, in the suit last mentioned. It appeared, that at the time of the demand by the plaintiff, Morse, the writ in this action had been issued, but not served.

There was no evidence tending to show that either of the plaintiffs had any notice of the re-exchange of cows, between Hall and Kidder, or of the last attachment of the cow, until after the 1st day of December, 1837.

It appeared that the defendant had notice of the plaintiffs' claim to the cow, previous to his second attachment of her, but not from them or their agent.

Upon these facts the defendant contended, that, as the cow was in the possession and use of Kidder, at the time of said second attachment, the previous sale to the plaintiff was constructively fraudulent and void as against the second attachment, and that the defendant had therefore a right to

follow up the attachment by a sale of the cow upon the execution.

LAMOILLE,
August,
1839.

Lynde &
Morse
v.
Melvin.

But the court instructed the jury, that the principle of fraud in law, or constructive fraud, did not apply to the facts of the case. Whereupon the jury returned a verdict for the plaintiffs. The defendant excepted.

*J. Sawyer and Maeck & Smalley*, for defendant.

The charge of the court in this case, was erroneous. The facts of the case, as detailed in the bill of exceptions, clearly show that the claim of the plaintiffs, to the cow in question, was, as against the defendant, fraudulent in law. The rule, which requires a visible substantial change of possession to enable the purchaser of a chattel to hold it as against an attaching creditor, has been too often settled by this court to need any additional discussion.

Two questions then arise. First,—Was there in this case such a change of possession as the law requires? Secondly, Was the transaction of that character between the plaintiff and Kidder, that the law required. in order to perfect and consummate the sale, any change of possession?

The first point is clearly with the defendant. Notwithstanding the property at the time of the execution of the bill of sale to the plaintiffs, was in the possession of a third person, and he was notified of the lien the plaintiffs had on it, and agreed to keep it in that manner, that the plaintiffs' lien would not be prejudiced, still the case does not come within the principle of the cases of *Barney* v. *Brown*, 2 Vt. R. 374, and *Spaulding* v. *Austin*, 2 do. 555, but it falls strictly within the case of *Morris & Hilton* v. *Hyde*, 8 Vt. R. 352, and if so, the plaintiffs are not entitled to recover.

The case further shows, that the plaintiffs never had any possession or right of possession to the property, as, when they acquired their lien upon the cow, she was in Hall's possession, who had the right of possession until after the conversion by the defendant.

The plaintiffs, at the time of the conversion, had not the right of possession, and this ingredient is held to be indispensable in the action of trover. *Gordon* v. *Harper*, 7 T. R. 9.

2. Possession must, in all cases, follow and accompany the sale, or the purchaser acquires no lien as against the at-

LAMOILLE,
*August,*
1839.

Lynde &
Morse
*v.*
Melvin.

taching creditors of the vendor.   2 Kent's Com. 523, 531. *Woodward* v. *Gates et al.* 9 Vt. R. 361.

The bill of sale is absolute, and, in all such cases, possession must follow and accompany the deed, and evidence of a fair intent and purpose between the parties is not admissible.   2 T. R. 157.

*L. B. Vilas*, for plaintiffs.

It is believed that the rule adopted by the county court, in this case, is established in this state.   *Barney* v. *Brown*, 2 Vt. R. 374.   *Spaulding* v. *Austin*, 2 do. 555.   *Pierce* v. *Chipman*, 8 Vt. R. 334.   *Farnsworth* v. *Shepard*, 6 Vt. R. 521.   The last case, we believe, establishes the doctrine contended for by the plaintiffs, and, in fact, goes further, for in the case at bar, the plaintiffs never knew or consented to the use and possession of the cow, by Kidder.

The opinion of the court was delivered by

BENNETT, J.,—The general rule that, upon the sale of personal property, the vendee must take possession, and that the change in the possession must be substantial and visible, or otherwise it will be fraudulent, *per se*, and void against creditors, is not to be questioned.   This rule is founded upon the soundest policy, the object of which is the prevention of fraud, but the reason of the rule does not extend to a case where the vendor, at the time of sale, had but a constructive possession of the chattel, or to a case where it is exempt from attachment and execution.   At the time this cow was transferred from Kidder to the plaintiffs, she was in the possession of Hall, under a previous contract with Kidder, and Hall had the right of possession, till the first of December.   The plaintiffs, upon the purchase being made, gave Hall notice of it, and requested him to keep the cow for them, to which Hall assented, but declined to give up the cow before the time was out, when he was to return her, and until he had received back from Kidder his own cow. Though Hall returned the cow in question to Kidder on the first or second day of November, and received back his own, yet it was without the knowledge or consent of the plaintiffs.

There was no evidence that the plaintiffs knew the cow had gone back into the possession of Kidder, or had been

LAMOILLE,
*August*,
1839.

Lynde &
Morse
*v.*
Melvin.

attached as his property, until after the first of December, and on the third or fourth, the plaintiffs made demand of her. Upon the sale the plaintiffs succeeded to all the rights that Kidder then had, but neither Kidder nor the plaintiffs had the right of actual possession, until the first of December. It is urged in this case, that because Hall permitted the cow to go back into the possession of Kidder prior to the first of December, though without the knowledge or consent of the plaintiffs, still that while in his possession she was liable to attachment by the creditors of Kidder, and it is said, this case falls within the principles of the case of *Morris et al.* v. *Hyde*, 8 Vt. R. 352. There is, we think, a marked distinction in the cases. In this, the cow, at the time of sale, was in the possession of the bailee of Kidder, for a time limited, the plaintiffs had no right of immediate possession, and could not select an agent to take or keep possession for them, and they in fact took, at the time of the sale, all the possession within their power. They notified the bailee of the sale, and requested him to keep the cow for them. In the case in the 8 Vt. Reports, the purchasers took the immediate possession of the horse and put him into the hands of their agent to keep for them, and this agent, though without the knowledge or consent of the vendees, shortly after, suffered the horse to go back into the possession of the vendor. The court say, " where an act is necessary to consummate or perfect the right or title of a party, and such act is omitted through the neglect or disobedience of an agent, the party, who commits his rights to the fidelity of such agent, must bear the consequences." In the case now before the court, Hall, the bailee of Kidder, was not, during the bailment, the agent of the plaintiffs to keep the cow, and to say that Hall's permitting her to go back into the possession of Kidder, before the determination of his right, is to have the effect to avoid the sale to the plaintiffs, would indeed be to open the door for fraud and collusion. We think the court below were correct, in holding that the principles of a fraudulent sale, *per se*, do not apply to the facts in this case, and the judgment of the county court, is affirmed.