DAISY SHORTSLEEVES v. E. H. TROVILLE.

May Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 5, 1922.

*Motion for Directed Verdict—What Evidence Considered—Title of Purchaser of Leased Personal Property—Bailment—Liability of Seller of Leased Personal Property for Lessee's*

*Negligence in Care of Property—Reargument not Granted to Present New Question.*

1.  On review of a defendant's motion for a directed verdict on the ground that the evidence did not show a cause of action under the declaration, only the evidence most favorable to the plaintiff will be noticed.

2.  The defendant, by deed duly delivered, conveyed to plaintiff a farm and personal property thereon, subject to the rights of a tenant in possession thereof for a definite period, the plaintiff to have possession of the "premises" so far as she might do so and subject to the tenant's rights. The defendant thereafter did nothing with reference to the property. *Held*, that the title to the personal property passed to the plaintiff on delivery of the deed, subject to the rights of the tenant.

3.  The rights of the defendant in the personal property before the sale to the plaintiff were the reversionary rights of a bailor in a bailment for hire.

4.  The rule that, where the seller of personal property retains the possession after title has passed, he becomes the bailee of the buyer, and is liable for negligence in the discharge of his duties as such, does not apply where the property sold is the subject of bailment to a third person entitled to retain the possession thereof. In such case, in the absence of special agreement, the buyer takes the reversionary rights of the seller as bailor, and, on proper notice, the party having possession becomes the bailee of the buyer.

5, 7.  Evidence held insufficient to warrant a finding of an implied undertaking by the defendant to become responsible for the care of the personal property after the sale of the same to the plaintiff.

6.  A reargument will not be granted for the purpose of presenting a new question.

ACTION OF TORT for negligence in managing and caring for personal property sold by the defendant to the plaintiff while in the possession of a lessee. Plea, the general issue. Trial by jury at the September Term, 1920, Washington County, *Wilson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*H. C. Shurtleff* for the defendant.

*Theriault & Hunt* for the plaintiff.

TAYLOR, J.    Prior to October 1, 1919, the defendant was the owner of a certain farm in Middlesex and the live stock, farming tools, and other personal property thereon.    The farm and personal property were then in the possession of one Sweeney as tenant of the defendant under a lease expiring March 1, 1920. On the first named date the defendant sold the farm and substantially all of the personal property to the plaintiff.    The conveyance was by a deed which, after describing the farm and personal property, continued: ''Said premises are conveyed subject to all rights of the tenant thereon under his lease which expires March 1, 1920, but the grantees are to have possession of said premises in so far as they may do so and subject to said rights.'' At the same time the plaintiff executed a chattel mortgage to the defendant of the personal property to secure notes given for part of the purchase price.    The parties were almost immediately in disagreement as to their respective rights in the personal property.    The tenant claimed the right to dispose of certain of the live stock, to which the plaintiff objected.    She notified the defendant that she would have nothing to do with Sweeney respecting the personal property, and that, if what she bought was not on the place when she took possession, she would look to him to make it good.    The latter in turn informed the plaintiff that he had turned everything over to her, that she was in full control, and that Sweeney had no right to sell anything deeded to her without her approval.

The action is in tort for negligence in managing and caring for the personal property while in Sweeney's possession after sale to the plaintiff.    The complaint is framed upon the theory that the possession of the personal property was not delivered to the plaintiff until Sweeney's tenancy expired, but that the defendant retained the possession and control thereof and was obligated to keep it safely for the plaintiff until she could have possession of the farm under the deed.    Negligence in the discharge of this duty is the wrong complained of.    The case was tried by jury, and resulted in a verdict and judgment for the plaintiff.    It is here for review on numerous exceptions reserved by the defendant.

[1]   At the close of the evidence the defendant moved for a directed verdict on the ground, in effect, that the evidence did not show a cause of action under the declaration.   On this question only the evidence in the view most favorable to the plaintiff will be noticed.   There was evidence tending to show that the plaintiff suffered the damage complained of through the actions of Sweeney, in part intentional and in part negligent.   It was not claimed, nor could it be on the evidence, that the defendant was directly responsible for Sweeney's conduct.   Their relations were not such that negligence could be imputed.   There was no evidence that the defendant counseled or advised Sweeney in the management of the property, except to tell him that his rights as tenant were not affected by the sale to the plaintiff—a perfectly obvious fact.   Indeed, there was no evidence that the defendant did anything with reference to the property, but, on the contrary, the evidence was to the effect that he gave no attention to it, except to advise the plaintiff respecting her rights in the premises.   The plaintiff was permitted to testify, against the objection that it tended to vary a written instrument, that the personal property "was to be delivered over" with the possession of the farm.   Her claim of right to recover against the defendant in this form of action is based upon the theory that he stood in the relation of bailee of the personal property sold with the farm until such time as the tenant's rights should terminate, and as such owed her the duty of active care to see that it was not injured or destroyed.   It was upon this theory that the case was submitted to the jury.   By overruling the motion for a directed verdict the court in effect held that there was evidence tending to show a legal duty on the part of the defendant to care for the property and a failure to discharge such duty, resulting in the damage complained of.   It cannot be claimed that there was evidence of any express undertaking in this regard.

[2, 3]   The evidence respecting the terms of the sale does not tend to show the relation of bailor and bailee existing between the plaintiff and defendant.   It may be assumed for the sake of argument, as the plaintiff contends, that the term "premises," as used in the deed, referred to the real estate; still, on all the evidence the title to the personal property passed to the plaintiff on delivery of the deed.   She is necessarily forced to admit this to be so, for her case is founded upon the theory

of ownership. The property was then in the possession of a third party and the subject of a bailment to him for a definite time and purpose. Before the sale, the defendant had only the reversionary rights of a bailor in a bailment for hire. 3 R. C. L. 140; *Dixon* v. *White Sewing Machine Company,* 128 Pa. St. 397, 18 Atl. 502, 15 A. S. R. 683, 5 L. R. A. 659. In legal effect what the plaintiff acquired by her purchase was a title subject to the rights of the tenant. That was all that the defendant had to dispose of; and, if he bargained for more, the plaintiff might have a remedy, but not in this form of action.

[4] The plaintiff assumes that the sale without delivery would in law create the relation of bailor and bailee, and argues therefrom that the defendant would be liable for negligence in caring for the property pending delivery. It may be conceded as a general rule that, where the seller of personal property retains the possession after title has passed, he becomes the bailee of the buyer, and is liable for negligence in the discharge of his duties as such. But the rule does not apply where the property sold is already the subject of bailment to a third person, who is entitled to retain the possession thereof. Then, in the absence of some special agreement, the buyer takes the reversionary rights of the seller as bailor, and, on proper notice, the party having possession becomes the bailee of the buyer. 6 C. J. 1129; 3 R. C. L. 91; *Pierce* v. *Chipman,* 8 Vt. 334; *Lynde* v. *Melvin,* 11 Vt. 683, 34 A. D. 717; *Whitney* v. *Lynde,* 16 Vt. 579; *Wooley* v. *Edson,* 35 Vt. 214.

The plaintiff makes the point that there was no evidence of consent by Sweeney to recognize the plaintiff as owner of the property or to keep it for her, claiming that notice to Sweeney without such assent would not affect "the possession and custody of the property by the defendant as bailee." The cases cited in support of this proposition deal with the question of the change of possession required to pass title to property in the hands of a third person, as against creditors or subsequent purchasers. The rule invoked does not apply to the case in hand. No rights of third parties are involved and, as seen, the case is founded on the theory that the title to the personal property passed upon delivery of the deed. Besides, there is a well recognized distinction in the cases which the plaintiff overlooks. The rule applies only when the person in possession is the mere keeper or custo-

dian of the property for the owner and has no right or interest in it himself. But when he has the right of possession as against the owner mere notice is all that is required. *Lynde* v. *Melvin, supra; Wooley* v. *Edson, supra.* See note to *Harding* v. *Janes,* 4 Vt. (Ann. ed.) 462. The understanding, if it existed, that the personal property was to be delivered over when Sweeney vacated the farm, would not, in the circumstances, support an inference that the defendant retained any control of the property meanwhile. It was out of his possession, and such reversionary rights as he had as bailor were transferred to the plaintiff by the sale. He doubtless could have assumed liability for Sweeney's conduct, but such was not the legal effect of the sale of property in the latter's possession as bailee for hire. If the defendant is to be held responsible for the care of the property while in Sweeney's possession, it must be upon an undertaking, express or implied, assuming such responsibility.

[5] It is claimed that the defendant assumed control of the personal property on the farm, and so the responsibility for its proper care, by what is said to have occurred in an interview at Sweeney's about a week after the deed and mortgage were executed. The disagreement between the plaintiff and the Sweeneys related to their right under the lease to exchange or dispose of certain of the live stock. There was evidence, though contradicted, tending to show that during this interview Sweeney and his wife made claims respecting such rights; that the defendant assented to their claims and told them they had the same rights there they always had; that he was running the farm until the first of March, or until they should move; and that thereupon the plaintiff told the defendant she would hold him responsible for what Sweeney did. This was not evidence of an express agreement to become responsible for the care of the property, but rather a statement by the defendant of his understanding respecting the relations of the parties to it. The assertion attributed to the defendant that he was running the farm is wholly inconsistent with the undisputed evidence of what he did in that regard. Five days after the interview at Sweeney's, and before any of the damage complained of accrued, the defendant wrote the plaintiff a letter which was in evidence informing her that everything had been turned over to her and that she was in full control; that anything done by Sweeney should be subject to her

approval; and that Sweeney had no right to sell anything deeded to her unless she agreed to it. On all the evidence defendant's subsequent conduct was consistent with the position then taken. He did not assume to exercise any authority in the premises, but, on the contrary, consistently declined to do so. In short, so far as his actions were concerned, they were in harmony with the relations created by the sale and notice thereof to Sweeney already considered. The case is barren of any evidence on which the jury would be justified in finding an implied undertaking on the part of the defendant to become responsible for the care of the property, without which this action cannot, in the circumstances, be maintained.

It follows that the court erred in refusing to direct a verdict for the defendant. Other questions were raised which it is unnecessary to consider.

*Judgment reversed, and judgment for the defendant to recover his costs.*

## ON MOTION FOR REARGUMENT.

After the foregoing opinion was handed down, counsel for the plaintiff had leave to file a motion for reargument, pending which the entry of judgment has been withheld.

[6]. One ground of the motion is that certain evidence now relied upon as tending to show that the defendant and Sweeney were tenants in common, and so affecting the question of the defendant's possession or right of possession of the personal property, had been disregarded in considering the plaintiff's claim that the relation between her and the defendant was that of bailor and bailee. If it could be argued that the evidence referred to had any such tendency, it is enough to say that the point was not made at the argument, which precludes its being relied upon as a ground of a motion for a rehearing. *Rice et als., Exrs.* v. *Bennington County Savings Bank*, 93 Vt. 493, 512, 108 Atl. 708; *Spaulding, Admr.* v. *Mutual Life Ins. Co.*, 94 Vt. 42, 54, 109 Atl. 22.

[7] It is urged as a further ground of the motion that, in discussing the right of recovery based upon an implied undertaking to be responsible for the care of the personal property while in Sweeney's possession, the Court has erroneously given

effect to incompetent evidence received under exception and has overlooked other evidence tending to support the claim. The evidence said to have been overlooked was fully considered and not deemed to have the tendency claimed for it. This evidence, except the testimony of Mrs. Sweeney that they (the Sweeneys) let the plaintiff have some potatoes and a hog by defendant's permission, related to the latter's actions respecting a small tenement on the farm occupied by one Rollins during the summer and fall of 1919. So far as appears, the tenement may not have been included in the lease to Sweeney. But in any event the evidence had no fair tendency to support the claim that the defendant was under a legal duty to care for the personal property. Mrs. Sweeney's testimony referred to was colorless, so far as this issue was concerned. It appeared that, by the terms of the lease, the potatoes and hog were to go to the landlord. Sweeney was maintaining that he had nothing to do with the plaintiff. This being so, he would naturally seek the defendant's permission to deliver the landlord's share to the plaintiff, and it was entirely consistent with the defendant's position that the permission should be given. In the circumstances, the granting of the permission had no tendency to show the exercise of control over the property.

The evidence said to be incompetent, and so erroneously considered, was the defendant's letter to the plaintiff, referred to in the opinion. It was received in evidence under exception, against the objection that it contained self-serving declarations. But the letter was not considered as evidence of any fact stated therein, and so subject to the objection relied upon, but merely as notice to the plaintiff of the defendant's claims respecting the right of the former to control the disposition of the personal property. For this purpose it was clearly admissible.

*Motion overruled. Let full entry be made.*