GERTRUDE C. PARTRIDGE *v.* JAMES L. COLE.

October Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 4, 1923.

*Animals—Tenant of Stock Farm as Bailee—Duty of Such A Bailee—Evidence—Presumption as to Continuity—"Wilful"—"Malice"—When Malice May Be Implied—Rules Governing Disposition of Motion for A Directed Verdict—Presumption That Person Intends Natural Consequences of Act—Error in Directing Verdict.*

1. A tenant of a farm, stocked by the landlord, during such tenancy is the bailee of the live stock for hire.
2. A bailee of live stock for hire owes the bailor the duty of exercising ordinary care in its management.
3. In an action by a bailor against a bailee for neglect to feed and care for live stock in the care and possession of such bailee, where the evidence showed that the animals were healthy a short time before the termination of the bailment, such condition will be presumed to have continued in the absence of evidence to the contrary.
4. The term "wilful" as used in a complaint in an action of tort which charged that defendant "wilfully, maliciously and negligently failed and neglected to properly feed and care" for cer-

tain live stock of which he was bailee, means no more than intentional, while the "malice" contemplated is such as is involved in the intentional doing of a wrongful act, in disregard of what one knows to be his duty to the injury of another.

5.  While in such a case the malice must have relation to the matter complained of, proof of special malice is not required, but the malice may be implied from a wrongful act done intentionally without just cause or excuse.

6.  In disposing of a motion for a directed verdict on the ground of want of evidence where the fact is one to be inferred from the circumstances, the question is not what inference the court would draw from the facts proved, but whether the jury might reasonably draw the necessary inference therefrom.

7.  Where intelligent and fair-minded men may reasonably differ in the conclusion to be drawn, it cannot be said as a matter of law that there is no evidence to support the inference, and it is then a question of fact for the jury.

8.  It is presumed that an intelligent person intends the natural consequences of his own act.

9.  In an action of tort for neglect to properly feed and care for animals of which the defendant, as tenant of the plaintiff, was bailee, *held*, that the evidence afforded a sufficient basis for a finding that the defendant neglected to feed and care for the live stock properly, that such failure was in law wilful and malicious, and hence that it was error to direct a verdict for the defendant.

ACTION OF TORT for neglect to feed and care for live stock. Plea, the general issue. Trial by jury at the June Term, 1921, Orange County, *Chase*, J., presiding. At the close of plaintiff's evidence, the court directed a verdict for the defendant. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Barber, Barber & Miller,* and *Shields & Conant* for the plaintiff.

*Raymond Trainor* and *Paul Gilioli* for the defendant.

TAYLOR, J.  The action is tort for damages occasioned by the alleged neglect of certain live stock owned by the plaintiff

and kept on a farm occupied and carried on by the defendant as a tenant. After alleging the duty of the defendant with respect to the live stock, the complaint charges: ''The defendant failed in said duty in this, to wit, that he wilfully, maliciously and negligently failed and neglected to properly feed and care for the livestock upon said farm; that he failed to milk the cows at proper and regular hours; that he failed to water the stock at proper and regular hours; that he failed to breed said cows; and otherwise managed the live stock upon said farm in a negligent, careless, imprudent and unhusbandlike manner.'' The trial was by jury. At the close of plaintiff's evidence the defendant moved for a directed verdict on two grounds briefly stated: (1) Plaintiff's evidence does not show the commission of any tort on the part of the defendant. (2) The evidence does not support the allegation that the defendant wilfully, maliciously and negligently failed to feed and care for the live stock on the farm, etc. The court sustained the motion and directed a verdict for the defendant. The only question presented for review is raised by the exception taken to this action.

Evidently the court's ruling was based upon the latter ground of the motion. The case is unusual in that the complaint charges, purposely it would seem, that the defendant's neglect in the care of the live stock was wilful and malicious. Plaintiff contends that the evidence supports the charge as laid and seeks a reversal on that ground. There was evidence in the view most favorable to the plaintiff tending to show the following facts: The defendant was a farmer of experience, thirty-three years of age. The plaintiff lived in Strafford, Vermont, and owned the farm in question, situated in Pomfret. The live stock on the farm consisted of cows, horses, hogs, and poultry. The stock included a valuable herd of registered Holsteins and some thoroughbred hogs. The defendant had carried on the farm for the plaintiff as manager from April 1, 1918, to June 1, 1920, living thereon with his family. On the latter date he became tenant of the farm with the live stock and as such had the entire charge and management thereof until December 1, 1920. About the middle of October the parties became involved in litigation respecting the tenancy. The matter was adjusted some time in November, the defendant agreeing to vacate the premises on December 1. The relations of the parties continued to be un-

friendly after the settlement. A large part of the evidence related to the condition of the live stock when the plaintiff regained possession on December 1. Without going into detail it is enough to say that the evidence would have fully warranted the jury in finding that some of the animals at least had been grossly illtreated. It tended to show that they had been "starved," that they had become "emaciated," that they were "mere skeletons"; that some were so weak they were "hardly able to walk"; and that one cow died soon after as a result of the treatment. The evidence was that during the summer and early fall before trouble arose between the parties the live stock was in good condition. There was no direct evidence of illtreatment by the defendant; but it appeared that he had personal charge of the live stock and directed its care and keeping; that he lived on the premises and was fully aware of the condition of the stock; and that there was proper shelter and ample food on the farm for the stock during all the time the defendant had charge of it as tenant.

[1-3] During the tenancy the defendant was bailee of the live stock for hire. *Shortsleeves* v. *Troville,* 95 Vt. 468, 117 Atl. 819. As such he owed the plaintiff the duty of exercising ordinary care in its management. The first ground of the motion is argued in support of the court's ruling, but it is manifest that the judgment cannot be sustained on that ground. The evidence would have fully justified the jury in finding that the condition of the live stock on December 1 was the direct result of the defendant's neglect in feeding and caring for it. So much at least could fairly and reasonably be inferred from the facts proved. The point is made that the condition of the animals might have been attributable to agencies entirely beyond the control of the defendant, such as sickness, disease, etc. It is not claimed that there was any evidence tending to support such a theory, but it is argued that to find the defendant guilty of negligence the jury would have to speculate as to the cause of the condition of the stock. However, there was evidence tending to show that the condition was due to lack of food and care. Respecting the cow that died, the testimony was that there was no apparent trouble with her except starvation; while it was shown that with proper care and feeding all the other animals steadily improved in condition. Besides, the evidence to the effect that the animals

were healthy a short time before has a bearing upon the question. The condition shown to exist so shortly before the time in question will be presumed to continue in the absence of evidence to the contrary. *Lewis* v. *Brainerd,* 53 Vt. 510; *State, ex rel. Phelps* v. *Jackson,* 79 Vt. 504, 65 Atl. 657, 8 L. R. A. (N. S.) 1245; 1 Jones on Ev. § 58a; 1 Wig. on Ev. § 225.

[4, 5]   The important question in the case is whether the evidence would support a finding that defendant's neglect to feed and care for the live stock was wilful and malicious. The term ''wilful'' as here employed means no more than intentional; while the malice contemplated is such as is involved in the intentional doing of a wrongful act, in disregard of what one knows to be his duty to the injury of another. *Wellman* v. *Mead,* 93 Vt. 322, 339, 107 Atl. 396; *In re Cote,* 93 Vt. 10, 14, 106 Atl. 519. It does not require proof of special malice to support the allegation, though the malice must have relation to the very matter complained of (*Moore* v. *Duke,* 84 Vt. 401, 408, 80 Atl. 194); but it may be implied from a wrongful act done intentionally without just cause or excuse.

[6, 7]   In disposing of a motion for a directed verdict on the ground of want of evidence where the fact is one to be inferred from the circumstances, the question is not what inference the court would draw from the facts proved, but whether the jury might reasonably draw the necessary inference therefrom. Where intelligent and fair-minded men may reasonably differ in the conclusion to be drawn, it cannot be said as matter of law that there is no evidence to support the inference. It is then a question of fact for the jury. *Boyden* v. *Fitchburg R. Co.,* 72 Vt. 89, 95, 47 Atl. 409. The character of the evidence in a civil action such as will justify a finding that conduct is wilful and malicious is illustrated by the cases where the question has arisen as to the sufficiency of the evidence to warrant a finding that the cause of action arose from the wilful and malicious act of the defendant, or for wilful and malicious injuries to the person and property of the plaintiff, as a basis for a close jail execution. Among such cases are *Larrow* v. *Martell,* 92 Vt. 435, 104 Atl. 826; *Wellman* v. *Mead,* 93 Vt. 322, 338, 107 Atl. 396; *Bombardier* v. *Goodrich,* 94 Vt. 208, 110 Atl. 11, 9 A. L. R. 1028.

[8, 9]   In determining the sufficiency of the evidence in this case the plaintiff is aided by the presumption, indulged in civil

actions, that an intelligent person intends the natural consequences of his act. *In re Cote, supra.* It must be held that the evidence properly considered afforded a sufficient basis for a finding that the defendant neglected to feed and care for the live stock properly and that such failure was in law wilful and malicious. It was shown that the defendant was experienced in the handling of live stock; was able to give it the attention required; and was at all times in a position to comprehend fully the consequences of the neglect shown, which on the evidence was wholly without cause or excuse. It follows that the court erred in taking the case from the jury.

*Reversed and remanded.*