CHARLES OWENS *v.* LANE CONSTRUCTION CO. ET AL.

May Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 3, 1933.

422

*Marcell Conway* for the defendants.

*J. Ward Carver* and *Alland G. Fay* for the plaintiff.

SLACK, J. The defendants appeal from an order of the commissioner of industries awarding claimant compensation.

The findings of the commissioner that are material to the questions presented are these: On August 6, 1931, the claimant, who was in the employ of the construction company, was hit and injured by an automobile driven by one Leon C. Davis, another employee of the construction company. The claimant was in the discharge of his duties at the time. Davis had just finished work for the day, and was in the act of leaving the job. The following day, Leon O. Davis, the father of Leon C., also an employee of the construction company, saw the claimant and told him that his boy did not have a driver's license and he did not want him to get into trouble. The claimant replied that if he was laid up long he would be entitled to compensation from the construction company. Davis agreed to see the superintendent about compensation for claimant. A day or two later he reported to claimant that the time-keeper was of the opinion that no compensation would be paid because his boy (Leon C.) was not working when the accident happened. Davis then said that the insurance company would not settle and that "it is up to me." After some negotiations between the elder Davis and claimant, they agreed to settle, Davis to pay claimant $60. A few days later Davis paid claimant's wife $25 to apply on the settlement. Soon after this payment was made both Davises went to New Hampshire, to work for the construction company. The claimant procured a lawyer in that state to collect the balance of the $60, and that lawyer trusteed the wages of both Davises. As a result of that action the Davises paid $15 more to apply on the settlement. On November 21, 1931, the claimant filed a notice of injury and claim for compensation according to the statute.

Following these findings, the commissioner sets forth the claims of the parties namely, that defendants *maintain* that

claimant's conduct with the Davises constituted an election to pursue a third party which is a bar to these proceedings; while claimant *maintains* that he thought the elder Davis represented the construction company when he talked with him, and that he had no intention of dealing with a third party, and also that the elder Davis was not a third party who was liable to him in damages, but a volunteer whose payment was a mere gratuity. The commissioner then finds: ''I find that the elder Davis acted in behalf of his son in negotiating a settlement. It does not appear from the testimony that the younger Davis was present at any of the interviews between the elder Davis and the claimant, nor does it appear that the younger Davis contributed any of the money which was paid to the claimant. On at least one occurrence the younger Davis sat outside the claimant's house in the automobile while his father discussed the settlement with the claimant. All the agreement negotiations were with the elder Davis. If these negotiations constituted negotiations with a third party, it must be shown that the elder Davis was acting for his son in these negotiations. If the testimony is sufficient to establish his agency it must be by inference and not by direct testimony, as to authority given. I decline to draw this inference.''

G. L. 5775 provides: ''When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under the provisions of this chapter or obtain damages from or proceed at law against such other person to recover damages,'' etc.

The questions certified for review pursuant to the statute are, in substance, these: (1) Did the commissioner err in refusing to find that the elder Davis was acting as agent of his son in his negotiation of a settlement with the claimant? (2) If the elder Davis did act as agent of his son, did not the settlement by the claimant with the son, through his agent, the elder Davis, constitute an election to pursue a third party which is a bar to these proceedings?

The latter question clearly presupposes that the former is answered in the affirmative. If the former is not so answered,

the later is, in effect, a moot question which need not, and will not, be considered. *Johnson* v. *Saindow,* 99 Vt. 436, 134 Atl. 585, and cases cited.

■ The determination of the first question depends upon whether the findings admit of opposing inferences regarding the elder Davis' agency for his son because, if they do, the commissioner's refusal to find such agency was not error.

■ Whether the elder Davis, when he made the settlement, had authority to act for his son is not necessarily decisive of the question, since, if he did not then have such authority, but the son after he knew what had been done ratified it, the result would be the same. *Martin* v. *Rutledge,* 94 Vt. 258, 110 Atl. 222.

■ It is found that all of the settlement negotiations were with the older Davis, and that he was acting on behalf of his son; but the commissioner later says, in effect, that if the evidence is sufficient to establish the agency of the elder Davis, it must be by inference and not by direct testimony, and that he declines to draw such inference. It is found, too, that after the trustee suit was brought against them, the *Davises* paid $15 more to apply on the settlement. This, standing alone, would indicate that the younger Davis ratified the settlement by making a payment thereon. But here again the commissioner later says that it did not appear that the younger Davis contributed any of the money which was paid to the claimant. With the findings standing thus, it cannot be said that the commissioner erred in refusing to find that the elder Davis acted as agent for his son in making the settlement. Since the findings leave room for opposing inferences both as to the question of the elder Davis' authority to act in the first instance and as to the question of the son's ratification of what his father did, the one which the commissioner apparently drew must stand.

While the evidence is not before us for any purpose, we have examined it, and find nothing therein that would compel a finding that the elder Davis was acting as agent for his son in making the settlement.

■ Although the exercise of the option given by the statute is held to be different than the election of remedies under doctrines of the common law, Tocci's Case, 269 Mass. 221, 168 N. E. 744, 67 A. L. R. 236; Sciacia's Case, 262 Mass.

531, 160 N. E. 310, their analogy in this respect is such that the rules of pleading and proof applicable to the latter govern the former. An election of remedies is an affirmative defense which must be pleaded and proved by the defendant, *Gardner* v. *Gauthier et ux.,* 101 Vt. 147, 141 Atl. 682, unless such requirements are waived. The record in the instant case indicates that the plea was waived, but it does not appear that defendants were relieved from making the requisite proof, so they had the burden of showing that claimant had exercised his option which, in view of the theory on which the case is here presented, necessitated proving the agency of the elder Davis for his son. The record before us shows that they failed to do this.

Whether the claimant's understanding of the capacity in which the elder Davis acted, what he intended, or the bringing of the suit against both of the Davises bore on the question of whether he had exercised his option to claim damages from, or proceed at law against, the younger Davis we do not consider, since the question certified for review is whether the commissioner erred in refusing to find that the elder Davis acted as agent for his son, and what claimant understood, or intended, or did, had no bearing on that question.

*Order and award affirmed with costs.   Let the judgment be certified to the commissioner of industries.*