### Leonard J. Abbadessa v. Peter Tegu et al

[173 A.2d 581]

May Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 6, 1961

Reargument Denied August 18, 1961

*Richardson & Caldbeck* for the plaintiff.

*Witters, Longmoore, Akley & Brown* for the defendants.

**Holden, J.** This action is for rent and damages accruing from an alleged breach of a leasing agreement on the part of the defendants as lessees of theatre property located in Bradford, Vermont. Although this cause is a different and separate action from the litigation reported in *Abbadessa* v. *Tegu,* 120 Vt. 352, 140 A.2d 1, it is a sequel to the prior proceeding in that it seeks recovery of rental for a subsequent term under the same leasing agreement.

One new and additional consideration is involved that was not determined in the earlier appeal. In July 1957 the plaintiff sold certain motion picture projection equipment which was located in the motion picture theatre building and which was included in the leasing agreement. This equipment was removed from the theatre and sold to a purchaser in New Hampshire. It is the defendant's contention that the sale of this personal property constituted an acceptance of their earlier surrender of the demised premises. The defendants maintain that the sale of the projectors and connected equipment precludes the plaintiff from recovering any rent for that part of the term that accrued after the sale.

The case was heard by the Orange County Court sitting without a jury. The court found for the defendants, limiting the rent recoverable to July 1, 1957. The plaintiff appeals. The error claimed relates to the court's exclusion of evidence which the plaintiff sought to introduce to establish that he had no intention of accepting a surrender of the demised premises and to the amount of the recovery specified in the judgment.

The lease conveyed the Bradford Theatre building and the land upon which it stands together with all equipment and tangible personal property used in connection with the operation of the property

as a movie theatre. The term was for ten years from September 30, 1951 at a monthly rental of four hundred dollars.

On January 12, 1956 the defendants wrote the plaintiff and complained that they had been operating the theatre at a substantial loss. The communication states that repeated appeals to the plaintiff to reduce the rent had been "steadfastly refused." The letter goes on to advise the plaintiff that the defendants have no other course but to cancel the lease as of January 16, 1956, and that thereafter it will be the plaintiff's responsibility to protect his property. The earlier case held there was no valid acceptance of the defendant's surrender through the period ending August 30, 1956.

This action was commenced to recover the amount due for the subsequent rental period. The tenants have defended on the strength of the sale of the projection equipment. In support of this defense the defendants introduced a certified copy of the bill of sale purporting to transfer title to the equipment to the New Hampshire purchaser, defendants' exhibit A. The instrument is dated July 23, 1957 and reserves an option to the plaintiff seller to repurchase the theatre equipment at any time from that date until October 1961 for the sum of seventeen hundred dollars.

After the bill of sale had been received in evidence, the plaintiff called as a witness his Vermont attorney with whom he had consulted, prior to the drafting and execution of the instrument. The presiding judge asked plaintiff's trial counsel to state his claim for this line of inquiry. He responded: "We feel that he (the plaintiff) consulted him at that time which had a distinct bearing on the intention of the plaintiff as far as possible acceptance of the proposed surrender of the lease was concerned. We feel that consultation with Brother Caldbeck showed he had no such intention." The court interposed: "Do you claim that the intention was disclosed to the defendant?" When this question was answered in the negative, further inquiry bearing on the plaintiff's intention was excluded.

This ruling was in error. The issue of whether the plaintiff accepted the defendants' surrender and abandonment of the leased property depends on the landlord's intention. This is primarily an issue of fact to be settled by the trier from what the landlord did and said in connection with the transaction upon which an acceptance is claimed. *Abbadessa* v. *Tegu, supra,* 120 Vt. at 354 *et seq.,* 140 A.2d 1 :

*McSweeney* v. *Dorn,* 104 Vt. 110, 114, 158 A. 88; 51 C.J.S. Landlord and Tenant, §126, p. 723; 32 Am. Jur. Landlord and Tenant, §901, p. 763. Since the landlord's intention is the controlling factor, his conversation at or about the time of the transaction was admissible to indicate his state of mind in executing the instrument in question. *Rich* v. *Wry,* 110 Vt. 307, 311, 6 A.2d 7; 6 Wigmore, Evidence, 3d Edition, §1729, p. 91.

Beyond excluding this particular evidence bearing on the question of the plaintiff's intention in this regard, the trial court omitted to make any finding on this critical and controlling factor. Without this essential fact, the judgment cannot stand.

There is no statement in the findings which would constitute a constructive acceptance of the surrender as a matter of law, independent of the landlord's intent. There was no creation of an estate in the leased premises inconsistent with the continuance of the term in the defendant lessees. In fact it does not appear that the sale of the personal property in any way affected the real property demised by the lease.

Moreover, it appears that the plaintiff sought to retain ostensible control of the projection equipment by means of the repurchase agreement. Whether this property was in fact within the plaintiff's reach was never tested by the defendants. In any event they are in no position to complain for they never requested the plaintiff to recover the equipment for their benefit.

When a lease of land includes personal property, the contract is two-fold in character. The instrument conveys an interest in the land itself and operates as a bailment for hire of the personal property. As to the personalty, the rights and liabilities of the parties are governed by general principles that obtain between bailor and bailee. *Partridge* v. *Cole,* 96 Vt. 281, 284, 119 A. 398, 32 A.L.R. 854; 32 Am. Jur. Landlord and Tenant, §168, p. 162. The defendants' abandonment of the equipment in 1956 afforded adequate justification for the plaintiff to recover possession and handle it in whatever manner would best protect his interest in the subject of the bailment, allowing the defendants credit for the loss of use of the property during the remainder of the term. *Johnson* v. *Meeker,* 96 N. Y. 93, 98; 6 Am. Jur. Bailments, §335, p. 434.

*Judgment reversed and cause remanded.*

## On Request for Leave to Reargue

**Holden, J.**  The defendant Andrew Tegu requests permission to reargue.  At the time of oral argument of this appeal the counsel for the plaintiff stated, in response to a question by a member of the Court, that this action was to recover damages for breach of the leasing agreement.  On the strength of this assertion the defendant filed a supplemental brief seeking to invoke the defense of election of remedies.  It is his contention that the plaintiff, having obtained a judgment for rent, for the period ending August 30, 1956 in *Abbadessa* v. *Tegu,* 120 Vt. 352, 140 A.2d 1 is precluded from receiving damages for breach of the lease as to the remainder of the term.  The motion for rehearing points out that this question was overlooked on appeal and had it been considered this Court would be required to enter judgment for the defendant.

Although the question of election of remedies was not discussed in the opinion the point was not overlooked.  The defense has no application to this case for two reasons.

■■  An election of remedies is an affirmative defense which must be pleaded and proved.  *Owens* v. *Lane Construction Co.,* 105 Vt. 421, 426, 168 A. 549; 12 V.S.A. §1024.  It cannot be raised for the first time during oral argument on appeal.

■■  But had the defense been timely pleaded it would not protect the defendant.  The rule requiring a choice of remedies is applicable only when the remedies pursued are inconsistent.  *Priest* v. *Foster,* 69 Vt. 417, 422, 38 A. 78; *Sabourin* v. *Woish,* 117 Vt. 94, 98, 85 A.2d 493.  The test of inconsistency is whether the two modes of redress are such that the assertion of one of necessity negates or repudiates the other.  Thus when the facts alleged in pursuit of one remedy are necessarily denied by the allegations of the alternative remedy, the complainant may be bound by his original choice.  Where the facts of one are founded on the affirmative, and the alternative remedy requires disaffirmance of a voidable transaction, the remedies are regarded as inconsistent rather than concurrent or cumulative.  18 Am. Jur. Election of Remedies, §12 p. 135; 28 C.J.S. Election of Remedies, §13 p. 1086.

The action to recover rent for the period ending August 30, 1956 in the former case and the present claim for damages accruing after that date both stand on the leasing agreement as the basis for recovery.

There is no inconsistency nor repudiation of one by the other. Since the enactment of 12 V.S.A. §971, creating a single form of civil action, the mode of procedure pursued for the recovery of rent is relatively unimportant. 32 Am. Jur. Landlord and Tenant, §523, p. 429; 52 C.J.S. §552, p. 363.

*Request for leave to reargue is denied.*